446 So.2d 301 (1984)
William G. CORBELLO, et al.
v.
R.T. SUTTON, Commissioner of Conservation, et al.
No. 83-C-2603.
Supreme Court of Louisiana.
February 27, 1984.
*302 Thomas M. Bergstedt, J. Michael Veron, Scofield, Bergstedt, Gerard, Mount & Veron, Lake Charles, for plaintiffs-applicants.
Veil David Devillier, Eunice, John M. McCollam, Gordon, Arata, McCollam & Stuart, New Orleans, for defendants-respondents.
DIXON, Chief Justice.
The present suit seeks judicial review of an order by the Commissioner of Conservation, dated February 11, 1981, issued pursuant to the Conservation Act, R.S. 30:1-:63, which adversely affects petitioner. The petition for review, filed in the district court pursuant to R.S. 30:12, was filed on August 28, 1981. Both the trial court and the court of appeal dismissed the petition on the basis of the equitable doctrine of laches, finding that the seven month delay between the issuance of the order and the filing of the petition was unreasonable. We grant this writ only to decide the issue of timeliness in the filing of the petition. For the reasons set forth below, we hold that the doctrine of laches has no place in the law of this state, but, on other grounds, affirm the dismissal of the petition.
The delay provisions of the Administrative Procedure Act (APA), R.S. 49:950-:970 do not necessarily apply to actions for judicial review brought pursuant to the Conservation Act. The APA provides, in the absence of a contrary provision, that a petition for judicial review of administrative orders must be filed within thirty days of the issuance of the order. APA § 964(B). Thus, in no event, whenever an administrative order is issued, is there an absence of statutory provision for the time delays within which the petition must be filed. The equitable doctrine of laches, therefore, has no application in such cases.
"There is no prescription other than that established by legislation." C.C. 3457.
"(b) Under the Louisiana legal system, there is no room for the common law doctrine of laches. See System Federation No. 59 of Railway Employees' Department of American Federation of Labor v. Louisiana & A. Ry. Co., 57 F.Supp. 151 (W.D.C.La.1944) and Landry v. Mutual Life Ins. Co. of New York, 54 F.Supp. 356 (W.D.C.La.1944)." Official Revision Comment (b) to C.C. 3457.
R.S. 30:12 provides for the right of a different type of judicial review, with different standards of proof, and different remedies, than are provided by the APA.[1] See Jordan v. Sutton, 401 So.2d 389, 392 (La.App.1981) (on original hearing). Furthermore, it was highly unlikely that the legislature intended an unlimited time within which to seek judicial review. This is borne out by the provision of R.S. 30:15,[2] *303 the procedural part of the act, which states that review may be sought "in accordance with the general laws relating to appeals," with the exception that the appeal is to be brought in the district court, R.S. 30:12, instead of the court of appeal.[3]
When the APA was adopted in 1966, more than twenty years after the enactment of the Conservation Act, it was not intended to supersede the specific provisions of other administrative acts, or to supersede the rights and remedies created under those acts. Instead, it was intended to create procedures in those instances where none existed. In matters dealing with the Conservation Act, procedures already existed, and to the extent that there are any inconsistencies, the specific Conservation Act rules apply. Thus, the special right of review and injunction, created by the Conservation Act, controls over the provisions for review provided in the APA. R.S. 30:12 makes this clear, by stating that the remedies provided by that act are the exclusive remedies of adversely affected parties.
Therefore, it can be concluded that Section 12 provides the exclusive right of judicial intervention into the administrative orders issued by the Commissioner of Conservation, pursuant to the Conservation Act, and that Section 15 provides the procedures for review: an appellant must follow the ordinary rules of appeal, including the time limitations for the filing of the appeal. Under the provisions of the Code of Civil Procedure in effect at the time this petition was filed, the maximum time in which an appeal could be filed was sixty days.[4] Since petitioner failed to file his application for review within sixty days from the issuance of the commissioner's order, his suit for review and injunction was filed too late.[5]
Accordingly, the appeal was properly dismissed, and the dismissal is, therefore, affirmed.
DENNIS, J., would grant the writ, but he would hear arguments from the parties before deciding this question.
NOTES
[1] At the time this suit was filed, R.S. 30:12 provided:

"An interested person adversely affected by any law of this state with respect to conservation of oil or gas, or both, or by a provision of this Chapter, or by a rule, regulation, or order made by the commissioner hereunder, or by an act done or threatened thereunder, and who has exhausted his administrative remedy, may obtain court review and seek relief by a suit for an injunction against the commissioner as defendant. Suit shall be instituted in the district court of the parish in which the principal office of the commissioner is located and shall be tried summarily.... The right of review accorded by this Section shall be inclusive of all other remedies, but the right of appeal shall lie as hereinafter set forth in this Chapter."
[2] The procedure for effecting an appeal under the Conservation Act is found in R.S. 30:15, which provides:

"In proceedings brought under authority of, or for the purpose of contesting the validity of, a provision of this Chapter, or of an oil or gas conservation law of this state, or of a rule, regulation, or order issued thereunder, appeals may be taken in accordance with the general laws relating to appeals. In appeals from judgments or decrees in suits-to contest the validity of a provision of this Chapter, or a rule or regulation of the commissioner hereunder, the appeals when docketed in the proper appellate court shall be placed on the preference docket of the court and may be advanced as the court directs."
[3] At the time of the enactment of R.S. 30:15, the time delay for filing a suspensive appeal was ten days, excluding Sundays. C.P. 575.
[4] C.C.P. 2087. The court expresses no opinion as to whether the petition was for a suspensive or devolutive appeal. We find only that the maximum time allowable for an appeal, giving the benefit of doubt to petitioner, is sixty days.
[5] In light of other administrative time limitations, we find no merit to any objection that the thirty to sixty days limit is unreasonable. See, e.g., La.Const. art. 10, § 12 (thirty day limit to appeal removal and disciplinary decisions by the Civil Service Commission).