484 So.2d 903 (1986)
The LOUISIANA STATE MEDICAL SOCIETY
v.
The LOUISIANA STATE BOARD OF NURSING.
No. 85 CW 0890.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
*904 Henry B. Alsobrook, Jr., Robert J. Conrad, Jr., Paul O. Dicharry, New Orleans, for plaintiff-respondent Louisiana State Medical Soc.
Mack E. Barham, M. Lizabeth Talbott, Marc H. Morial, New Orleans, for defendant-applicant Louisiana State Bd. of Nursing.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
The sole issue is whether the trial court erred in overruling defendant's peremptory exception pleading the objection of prescription and declinatory exception pleading the objection of lack of subject matter jurisdiction.

FACTS
On February 18, 1982, plaintiff, the Louisiana State Medical Society (Medical Society), filed two petitions with defendant, the Louisiana State Board of Nursing (Nursing Board). At issue in these petitions was R.N. 3.041,[1] a Nursing Board rule establishing *905 and defining the position of Primary Nurse Associate (PNA, also known as "nurse practitioner").
In its petition, the Medical Society complained that R.N. 3.041 authorizes PNA's to practice medicine in contravention of the Medical Practice Act, LSA-R.S. 37:1261, et seq. In its petition in accordance with R.N. 1.055,[2] the Medical Society complained that the Nursing Board exceeded its authority, asking the Nursing Board to repeal the rule or amend it to incorporate the concept of physician supervision. The petition in accordance with R.N. 1.056[3] requested a *906 declaratory statement that physician supervision be incorporated into the rule, obviating any need to amend or repeal. The Louisiana State Nurses Association filed a petition of intervention, requesting a deletion of the phrase "under the direction of a physician" in 3.041(2) and in other language in the statute.
By judgment dated November 4, 1983, the Nursing Board dismissed plaintiff's petitions for declaratory judgment and found Rule 3.041 to be valid. The Nursing Board granted the Nursing Association's petition authorizing the initiation of rule-making proceedings to delete the phrase "under the direction of a physician" in Rule 3.041(2).
On May 11, 1984, the Medical Society filed suit in the Nineteenth Judicial District Court seeking a declaratory judgment and injunction against the Nursing Board. The Medical Society alleged the Nursing Board had exceeded its statutory authority by promulgating rules that conflicted with the Medical Practice Act and that the rule was unconstitutionally vague and invalid. The Nursing Board filed exceptions raising objections of prescription and lack of subject matter jurisdiction based on LSA-R.S. 49:964, contending that the Medical Society should have filed suit within thirty days of the Nursing Board's ruling.
On May 24, 1985, the trial judge signed a judgment overruling the exceptions filed by the Nursing Board. The Nursing Board filed this application, questioning the trial court's judgment overruling its exceptions.

DISCUSSION
Three sections of the Louisiana Administrative Procedure Act, LSA-R.S. 49:950 et seq., relate to judicial review. LSA-R.S. 49:962 deals with judicial review of declaratory orders and rulings and provides as follows:
Each agency shall provide by rule for the filing and prompt disposition of petitions for declaratory orders and rulings as to the applicability of any statutory provision or of any rule or order of the agency. Declaratory orders and rulings shall have the same status as agency decisions or orders in adjudicated cases.
LSA-R.S. 49:963 addresses judicial review of the validity and applicability of rules and provides as follows:
The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the parish in which the agency is located. The court shall declare the rule invalid or inapplicable if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with required rule-making procedures. The agency shall be made a party to the action. An action for a declaratory judgment under this Section may be brought only after the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question and only upon a showing that review of the validity and applicability of the rule in conjunction with review of a final agency decision in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury.
LSA-R.S. 49:964 deals with judicial review of adjudication and provides, in pertinent part, as follows:
A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing *907 of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.
The trial judge determined, and both parties agree, that the Medical Society's petition for judicial review was filed pursuant to LSA-R.S. 49:963.
LSA-R.S. 49:963 provides for judicial review of the validity and applicability of an agency rule when the rule is challenged on specific grounds, viz., "constitutionality, scope of statutes, or failure to follow rule-making procedures." Force, The Louisiana Administrative Procedure Act, 42 L.L.Rev. 1227, 1274 (1982). These three grounds are within the competence of the court to review.
In the case sub judice, the Medical Society challenges the validity of R.N. 3.041 by attacking its constitutionality and the scope of authority of the Nursing Board to create such a rule. Clearly, the Medical Society's petition for review falls under the purview of LSA-R.S. 49:963.
Therefore, the only issue before us is whether the petition for judicial review was timely filed.
The Nursing Board contends that the trial judge erred in overruling their exceptions raising objections of prescription and lack of subject matter jurisdiction and that the petition for judicial review filed by the Medical Society should be dismissed. The Nursing Board reasons that the Louisiana Supreme Court's decision in Corbello v. Sutton, 446 So.2d 301 (La.1984) is determinative of the issue presented herein. The Nursing Board contends that in Corbello, the court determined that in the absence of a statutory time period within which judicial review must be filed, the thirty day time period contained in LSA-R.S. 49:964(B) governs. The Nursing Board further reasons that because the Medical Society did not seek judicial review of the Nursing Board's decision within thirty days, the Medical Society's right to judicial review has prescribed and the trial court was without subject matter jurisdiction.
The Nursing Board's reliance on Corbello v. Sutton, supra, is misplaced. Corbello is clearly distinguishable from the instant case and involved a suit for judicial review of an order by the Commissioner of Conservation, which adversely affected petitioner. The court noted that the Conservation Act (LSA-R.S. 30:1 et seq.) contained specific provisions relating to time limitations for judicial review rather than utilizing those provided in the Louisiana Administrative Procedure Act. One such provision, LSA-R.S. 30:12, provides the exclusive right to and limitations of appeals from administrative orders issued by the Commissioner of Conservation. Additionally, the court in Corbello found that it was unlikely that the legislature intended an unlimited time within which to seek judicial review citing LSA-R.S. 30:15.[4]
The Medical Society contends that while under LSA-R.S. 49:964(B), an agency decision is an adjudication which must be appealed within thirty days, LSA-R.S. 49:963, the provision for judicial review of the validity of rules, contains no time limit for challenging the substantive lawfulness or constitutionality of an administrative rule. The Medical Society reasons that the legislature properly omitted reference to a time limit in LSA-R.S. 49:963 because no time *908 limit can be placed on a challenge to the constitutionality of a statute. We agree.
LSA-R.S. 49:963 does not provide a time limit within which to bring an action for judicial review of a rule-making decision, which is consistent with the public's right to challenge a law at any time on the basis of its constitutionality or the scope of statutory authority. See Vieux Carre Prop. Own. & A., Inc. v. City of New Orleans, 246 La. 788, 167 So.2d 367 (1964). The trial judge determined, and we agree, that under LSA-R.S. 49:963 no time limit can attach to bringing an action in district court for judicial review of rule-making, a quasi-legislative as distinguished from a quasi-judicial function.[5]
The Nursing Board also contends in brief that the doctrine of laches should be applied in the case sub judice. However, the only matters before this court on appeal are the peremptory exception pleading the objection of prescription and the declinatory exception pleading the objection of lack of subject matter jurisdiction. Laches, if available in Louisiana, can only be urged as an affirmative defense. Osborne v. Stone, 476 So.2d 809 (La.1985).
Accordingly, the Medical Society is entitled to proceed with its action for declaratory judgment concerning the validity and applicability of R.N. 3.041, and the exceptions raising objections of prescription and lack of subject matter jurisdiction were properly overruled.
Therefore, for the foregoing reasons, the writ of certiorari previously issued by this court in this cause is hereby recalled, and the cause is remanded to the trial court for further proceedings. The costs of these proceedings before this court in the amount of $25.00 are assessed against the Nursing Board.
WRIT RECALLED, CAUSE REMANDED.
NOTES
[1] Before the Board's decision of November 4, 1983, R.N. 3.041 provided as follows:

R.N. 3.041 Primary Nurse Associate (also known as nurse practitioner):
(1) A registered nurse who provides direct nursing care to individuals, families and other groups in a variety of settings including homes, institutions, offices, industry, schools and other community agencies. The nursing service provided by the primary nurse associate is aimed at the delivery of primary acute or chronic care which focuses on the maintenance, achievement, and restoration of optimal functions in the population. The primary nurse associate engages in nursing case decision making. The primary nurse associate also participates in making decisions with other health care professionals regarding the needs of clients, and functions under the direction of a physician.
(2) By virtue of and consistent with additional educational preparation, knowledge and clinical skills, a primary nurse associate, under the direction of a physician, may perform appropriate nursing functions, including:
(a) Assess and develop a comprehensive health data base (including the elicitation of a comprehensive health history and performance of physical assessment, using skills of observation, inspection, palpation, percussion and auscultation, as well as basic instruments and indicated screening procedures) for the purpose of reporting abnormal findings to the physician;
(b) Plan, implement and evaluate nursing care consistent with medical treatment and care prescribed by a physician;
(c) Evaluate, plan, implement, and re-evaluate nursing care of individuals requiring emergency nursing measures;
(d) Initiate or modify medical treatment when and to the extent authorized by the treating physician within established plan of medical and nursing protocol;
(e) Assist the consumer in identifying and using the community resources available for follow-up health care services;
(f) Create and maintain accurate records, appropriate legal documents and other reports of client care consistent with the law;
(g) Develop individualized client teaching plans based on assessed nursing needs;
(h) Counsel individuals, families and groups about health and illness and promote health maintenance; and
(i) Recognize, initiate and participate in the development and implementation of provisional and community educational programs related to health care.
After the Nursing Board decision of November 4, 1983, the Nursing Board authorized the initiation of rule-making procedures to amend R.N. 3.041(2) to omit the phrase "under the direction of a physician."
[2] R.N. 1.055 provides as follows:

R.N. 1.055 Adoption of Rules and Regulations
R.S. 37:918 provides that the Board shall adopt and revise rules and regulations necessary to enable the Board to carry into effect the provisions of this Part. In promulgating rules, the Board is exercising powers that have been delegated by the Louisiana Legislature.
(1) Definition of Rules and Regulations: Statements, guides or requirements of conduct or action that are of general applicability. Rules and Regulations of the Board of Nursing implement or interpret the Nurse Practice Act or describe the organization, procedure or practice of the Board.
(2) All Rules and Regulations of the Board shall be adopted, revised or repealed in accordance with the Administrative Procedure Act, R.S. 49:951 thru 968.
(a) Except in emergency situations, the Board shall give at least fifteen days notice of its intent to adopt, revise, or repeal Rules and Regulations. The Notice shall be in accordance with Statutory requirements and shall be published in the Louisiana Register.
(b) After adoption, and as soon as possible, the official text of the Rules and Regulations shall be submitted for publication in the Louisiana Register. The Rules and Regulations become effective on the date of their publication, unless otherwise specified.
(c) Any interested person may petition the Board, requesting the promulgation, revision or repeal of Rules and Regulations which would affect that person. The petition shall:
(1) Be submitted in writing;
(2) State the name and address of the petitioner;
(3) Include an exact statement of the changes sought and the effect of the proposed change on existing practice;
(4) Include data, opinions or arguments in support of request.
The Board shall act on the petition within ninety days after receiving said petition. The Board shall either deny the petition, stating reasons thereof, or shall initiate rule-making proceedings in accordance with its procedure for same.
[3] R.N. 1.056 provides as follows:

R.N. 1.056 Declaratory Statements of the Board
The Board may issue a declaratory statement in response to a request for clarification of the effect of Rules and Regulations or of R.S. 37.911 et. seq.
(1) A request for a declaratory statement is made in the form of a petition to the Board. The petition shall include at least:
(a) The name and address of the petitioner;
(b) Specific reference to the Statute or Rules and Regulations to which the petition relates;
(c) A concise statement of the manner in which the petitioner is aggrieved by the Rule or Statute or by its potential application to her/him, or in which (s)he is uncertain of its effects;
(d) A statement of whether an oral hearing is desired.
(2) Said petition shall be considered by the Board at its next regularly scheduled meeting provided that the petition has been filed at least twenty-one days prior to said meeting.
(3) The declaratory statement of the Board on said petition shall be in writing and mailed to petitioner at the last address furnished to the Board.
[4] LSA-R.S. 30:15 provides as follows:

In proceedings brought under authority of, or for the purpose of contesting the validity of, a provision of this Chapter, or of an oil or gas conservation law of this state, or of a rule, regulation, or order issued thereunder, appeals may be taken in accordance with the general laws relating to appeals. In appeals from judgments or decrees in suits to contest the validity of a provision of this Chapter, or a rule or regulation of the commissioner hereunder, the appeals when docketed in the proper appellate court shall be placed on the preference docket of the court and may be advanced as the court directs.
[5] In exercising quasi-judicial authority, an agency acts similar to a court, conducts a hearing, finds facts and makes determinations from the evidence presented. For example, when an agency conducts a disciplinary proceeding wherein a nurse (licensee) is charged with some infraction or violation of the Nursing Practice Act, the agency is exercising its quasi-judicial authority.