2FOGG, Judge.
By this appeal, plaintiff seeks judicial review of a rule promulgated by the Commissioner of Conservation. The sole issue raised on appeal is whether the Commissioner of Conservation exceeded its statutory authority granted by La.R.S. 30:4 in promulgating certain provisions of the 1986 amendments to Statewide Order 29-B. Upon finding that this issue is not properly before this court, we affirm.
In January of 1986, inspectors from the Office of Conservation cited John W. McGowan, an operator of oil wells in Bayou Mallet Field in Acadia Parish, Louisiana, for various violations of the newly amended Statewide Order 29-B and issued an order demanding certain steps be taken to rectify the violation. McGowan sought a hearing before the Commissioner of Conservation. After hearing the matter, the Commissioner issued a decision addressing only the validity of its order concerning McGowan, which it upheld.
McGowan petitioned the 19th Judicial District Court for judicial review of the decision of the Commissioner. In that appeal, McGowan urged, among other things, that Statewide Order 29-B, as applied by the Office of Conservation, exceeded the statutory authority granted by La.R.S. 30:4. The trial court rendered judgment setting aside the decision of the Commissioner and remanding the ease to the Office of Conservation for second hearing, which was to include a determination of the validity of the 1986 amendments to Statewide Order 29-B.
On remand the Commissioner reiterated the validity of its order finding McGowan in *921 violation of Statewide Order 29-B and upheld the validity of the Statewide Order 29-B. Once again McGowan sought judicial review. The trial court found no error on the part of the Commissioner and rendered judgment in favor of the Commissioner.
McGowan appeals that judgment to this court, contending only that the trial court erred in failing to find that the agency exceeded its statutory authority in promulgating the 1986 ^amendments to Statewide Order 29-B. The Department has filed a peremptory exception raising the objection of res judicata with this court.
This litigation is governed by La.R.S. 30:12, which provides the exclusive means of judicial review of an action by the Commissioner, (See Corbello v. Sutton, 446 So.2d 301 (La.1984), and provides as follows:
A. (1) A person who is aggrieved by any law of this state with respect to conservation of oil or gas, or both, or by a provision of this Chapter, or by a rule, regulation, or order made by the assistant secretary of the office of conservation hereunder, or by an act done or threatened hereunder, and who has exhausted his administrative remedy, may obtain court review by a suit for injunction or judicial review against the assistant secretary as defendant.
(2)Suit for review shall be instituted in the district court of the parish in which the principal office of the assistant secretary is located and must be brought within sixty days of the administrative action that is the subject of the suit. In cases of judicial review of adjudication proceedings, the sixty days shall begin to run after mailing of notice of the final decision or order, or if a rehearing is requested within sixty days after the decision thereon.
B. (1) Judicial review of adjudication proceedings before the assistant secretary may be obtained whether or not the plaintiff has applied for a rehearing. A preliminary, procedural, or intermediate action or ruling by the assistant secretary is immediately reviewable if review of the final decision of the assistant secretary would not provide an adequate remedy and would inflict irreparable injury.
(2) Within thirty days after service of the petition or within further time allowed by the court, the assistant secretary shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record.
(3) If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the assistant secretary, the court may order that the additional evidence be taken before the assistant secretary upon conditions determined by the court. The assistant secretary may modify his findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
(4) The review shall be conducted by the court without a jury and shall be confined to the record. In Leases of alleged irregularities in procedure before the assistant secretary not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
(6) The court may affirm the decision of the assistant secretary or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions;
(b) In excess of the statutory authority of the' agency;
(c) Made upon unlawful procedure;
(d) Affected by other error of law;
*922 (e) Arbitrary or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(f) Manifestly erroneous in view of the reliable, probative, and, substantial evidence on the whole record. In the application of the rule, where the assistant secretary has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the assistant secretary’s determination on credibility issues.
C. (1) Any suit for an injunction brought under this Section shall be tried summarily, and the attorney representing the assistant secretary may have the case set for trial after ten days’ notice to the plaintiff or his attorney of record.
(2) The burden of proof shall be upon the plaintiff, and all pertinent evidence with respect to the validity or reasonableness of the order of the assistant secretary complained of shall be admissible. The law, the provision of this Chapter, or the rule, regulation, or order complained of shall be taken as prima facie valid. This presumption shall not be overcome in connection with any application for injunctive relief, including a temporary restraining order, by verified petition or affidavit of or in behalf of the applicant.
D. The right of appeal shall lie as hereinafter set forth in this Chapter.
The present case is brought under Section B of the above legislation, which provides for the judicial review of an adjudication. To prevail under this section the plaintiff must show that his “substantial rights ... have been prejudiced” in one of the six enumerated ways. On appeal, however, plaintiff does not argue that his rights were prejudiced by the action of the agency; rather, he asks only that this court review the finding that the 1989 amendments to Statewide Order 29-B are valid. This tissue is significant, in an adjudicatory proceeding, only to the extent that it shows how the plaintiffs rights were prejudiced. Abandoning the argument that his rights were prejudiced placed plaintiff in a posture that, even if we agreed with his contention that Statewide Order 29-B is invalid, such would be insufficient to grant the relief available under Section B. Therefore, we decline to reach the issue raised by plaintiff on appeal. In light of the foregoing, the objection of res judicata raised by the Department is moot and will be denied.
For the foregoing reasons, the judgment of the trial court is affirmed. The peremptory exception raising the objection of res judicata filed by the Department is denied. Costs are assessed against appellant.
JUDGMENT AFFIRMED; OBJECTION OF RES JUDICATA DENIED.
SHORTESS, J., concurs in result.