JaLOTTINGER, Chief Judge.
The issue raised in this appeal is whether or not the trial court erred in affirming the ruling by the Commissioner of Insurance that Louisiana Medical Mutual Insurance Company (LAMMICO) violated La.R.S. 22:1214(7)(e), by charging a $500 premium for a policy endorsement providing malpractice liability coverage for physicians who direct, control or supervise certified registered nurse anesthetists (CRNAs).
BACKGROUND
LAMMICO underwrites medical malpractice insurance policies for physicians licensed to practice and practicing medicine in Louisiana. In October of 1983, LAMMICO filed a rate filing request with the Louisiana Insurance Rating Commission, requesting approval to charge an additional premium for coverage of any physician, other than an anesthesiologist, who directs, supervises and controls CRNAs. This endorsement was to be an optional coverage costing an additional $500 premium. Physicians who used an anesthesiologist rather than a CRNA were to be covered under the basic policy. This request was granted by the Commission.
In February of 1987, the Louisiana Association of Nurse Anesthetists, Ltd. (LANA) requested a hearing before the Commissioner of Insurance to determine whether or not LAMMICO violated the Unfair Trade Practices section of the Louisiana Insurance Code, specifically La.R.S. 22:1214(7)(b) and (c), by charging an additional premium to those physicians who utilize the services of a CRNA as opposed to an anesthesiologist. On April 12, 1989, the hearing officer ruled that LAMMICO violated La.R.S. 22:1214(7)(b) and (c). On May 12, 1989, the hearing officer amended the ruling, finding that LAMMICO violated only La.R.S. 22:1214(7)(c).
LAMMICO sought judicial review of that ruling, and in February of 1992, the trial court affirmed the decision of the hearing officer. LAMMICO appealed that judgment. On December 22, 1992, this Court vacated the trial court’s judgment hand remanded the case due to the failure of the Commissioner to file a copy of the administrative record -with the trial court. Upon remand, the trial court again affirmed the ruling of the hearing officer. From that judgment, LAMMICO appeals, asserting that the Commissioner and the trial court erred in ruling that LAMMICO violated La.R.S. 22:1214(7)(c).
LAMMICO presents these issues for review: (1) whether the burden of proof was improperly placed on LAMMICO; (2) whether by virtue of La.R.S. 37:930, physicians using CRNAs have different insuring risks, exposure factors and expense elements than physicians using anesthesiologists; (3) whether the district court erred in refusing to admit evidence of cases in which physicians were sued for negligent supervision of CRNAs and/or the negligence of CRNAs; and (4) even under the Commissioner’s own interpretation of the law regarding La.R.S. 37:930, LAMMICO’s premium does not violate Louisiana law.
Because we remand this case for a new hearing, we pretermit discussion of issues two, three and four.
*1054 STANDARD OF REVIEW
The standard for judicial review of an administrative decision is found in La.R.S. 49:964(G), which provides:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record....
^Decisions of the Commissioner are entitled to great weight and should be upheld unless they are manifestly erroneous or arbitrary and capricious. Herman Brothers, Inc. v. Louisiana Public Service Commission, 564 So.2d 294, 297 (La.1990). In applying this standard, we stated in Liberty Mutual Insurance Company v. Louisiana Insurance Rating Commission, 589 So.2d 70, 71 (La.App. 1st Cir.1991), writ denied, 590 So.2d 597 (La.1992), that “[t]he manifest error doctrine relates only to factual findings of the trier of fact and has no application to conclusions of law or public policy.” The Commissioner’s ruling may be reversed where the decision lacks a reasonable eviden-tiary basis or the decision is based on an error of law. Herman Brothers, 564 So.2d at 297; Liberty Mutual Insurance, 589 So.2d at 72.
BURDEN OF PROOF
LAMMICO first asserts that the Commissioner’s ruling was made upon unlawful procedure in that the Commissioner improperly placed the burden of proof on LAMMICO. In brief, LAMMICO contends that since the premium was approved by the Insurance Rating Commission in 1983, and LANA is the party now alleging that the premium is unfairly discriminatory, LANA has the burden of proving unfair discrimination.
In determining which party bears the burden of proof in an administrative hearing, we look to the Louisiana Administrative Procedure Act (LAPA). La.R.S. 49:950-971. Upon examining the act, we note that there is no provision addressing the question of which party bears the burden of proof. The absence of a burden of proof provision is immaterial if the specific provisions of the Insurance Code address the issue. The Louisiana Supreme Court has stated that the LAPA “was not intended to supersede the specific provisions of other administrative acts, or to supersede the rights and remedies created under those acts.” Flynn v. State, Department of Public Safety & Correction, 608 So.2d 994, 996 n. 4 (La.1992); Corbello v. Sutton, 446 So.2d 301, 303 (La.1984). Thus, where specific statutory procedures exist and are inconsistent with the provisions of the LAPA, the specific rules apply. Flynn, 608 So.2d at 996 n. 4.
In brief, the Commissioner asserts that the Insurance Code does contain 15a specific provision for the allocation of the burden of proof in unfair trade practice hearings and therefore, the LAPA does not apply. The Commissioner presents the following argument. Pursuant to La.R.S. 22:1216, when the Commissioner has grounds to believe that a company is engaging in unfair trade practices, he is to give notice and convene a hearing in accordance with Part XXIX of Title 22. Section 1355 of Part XXIX provides that:
If any person is entitled to a hearing by any provision of this Code before any proposed action is taken, the notice of the proposed action may be in the form of a notice to show cause stating that the proposed action may be taken, unless such person shows cause at a hearing to be held as specified in the notice why the proposed action should not be taken, and stating the basis of the proposed action.
La.R.S. 22:1355 (Emphasis added.) The Commissioner contends that section 1355 was *1055 applicable and that LAMMICO had the burden of proof at the “show cause” hearing because a notice was issued to LAMMICO on January 17, 1989.
Although section 1355 places the burden on a party to show cause why a proposed action should not be taken, we find this provision inapplicable in the present situation. The notice sent by the Commissioner in the present case stated that “[t]he purpose of this hearing is to determine whether or not [LAMMICO] is violating the Unfair Trade Practices section of the Louisiana Insurance Code ... in surcharging physicians who use certified registered nurse anesthetists” and “also whether or not [LAMMICO] should be ordered to cease and desist from continuing to surcharge physicians....”[1] The notice simply stated that the Commissioner will hold a hearing “to determine whether” LAM-MICO violated unfair trade practices. Nowhere did the notice state that LAMMICO must “show cause” why a proposed action should not be taken. Because the notice cannot properly be characterized as a notice to show cause, La.R.S. 22:1355 does not apply-
RThe Louisiana Insurance Code contains no other provision which addresses the question of which party bears the burden of proof. Without a specific burden of proof provision, the general provisions of the LAPA would apply. Flynn, 608 So.2d at 996 n. 4. However, as previously noted, the LAPA does not contain a burden of proof provision. Because the LAPA contains no such provision, we may look to the Uniform Model State Administrative Procedure Act (UAPA) and the Federal Administrative Procedure Act (FAPA) for guidance on this issue.
The LAPA, enacted in 1966, was based in large part on the UAPA. Force & Griffith, The Louisiana Administrative Procedure Act, 42 La.L.Rev. 1227 (1982); Louisiana’s “New” Administrative Procedure Act, 35 La. L.Rev. 629 (1974); K. Davis, AdministRAtive Law TREatise § 1:10 (1978); Unif. State AdministRAtive PROCEDURE Act, Prefatory Note, 15 U.L.A 1 (1981). The UAPA was in turn based on the FAPA. Unif. State AdministRAtive Procedure Act, Prefatory Note, 15 U.L.A. 1 (1981); Louisiana’s “New” Administrative Procedure Act, 35 La.L.Rev. 629 (1974). While neither the LAPA nor the UAPA contain specific burden of proof provisions, the FAPA does contain such a provision. Because of the relationship between these three acts, we may look to the FAPA for guidance.
The general burden of proof provision of the FAPA provides:
Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof.
5 U.S.C. § 556(d).
Under the particular facts of this case, LANA is properly classified as the “proponent”. In 1983, the Commissioner approved LAMMICO’s rate filing request containing the CRNA exclusion and the endorsement (i.e. $500 premium). When LAMMICO submitted the proposed policy change to the Insurance Rating Commission in 1983, it was the “proponent” of the proposal. Had LANA objected to the proposal at that time, the burden of proof would have been on LAMMICO to establish the validity of the proposed change. Without objection from LANA, the Commission approved LAMMI-CO’s proposed changes. Several years later, at the request of LANA, |7the Commissioner convened a hearing to consider whether the approved premium unfairly discriminated against physicians using CRNAs. Since the premium was approved in 1983, and LANA now alleges that it is unfairly discriminatory, LANA, as the “proponent” of these proceedings, has the burden of proving the unfair discrimination allegation.
Having determined that LANA had the burden of proof, we now address the meaning of the phrase “burden of proof’ as used in the FAPA. Until recently, federal courts construed the phrase “burden of proof’ as used in section 556(d) to mean the burden of going forward with a prima facie case rather *1056 than the ultimate burden of persuasion. National Labor Relations Board v. Transportation Management Corp., 462 U.S. 393, 403 n. 7, 103 S.Ct. 2469, 2475 n. 7, 76 L.Ed.2d 667 (1983); Environmental Defense Fund, Inc. v. Environmental Protection Agency, 548 F.2d 998 (D.C.Cir.1976) (on rehearing), cert denied, 431 U.S. 925, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977); IIK. Davis & R. PiERCE, AdminisTRAtive Law TREATISE § 10.7 (1994). In 1994, the United States Supreme Court clearly defined the meaning of “burden of proof’ as used in the FAPA in Director, Office of Workers’ Compensation Programs, Department of Labor v. Greenwich Collieries, — U.S. —, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994). The Court began by determining the ordinary meaning of the phrase “burden of proof’ in 1946, the year the FAPA was enacted. The Court concluded that as of the 1930’s and 1940⅛, the phrase was generally defined as “the obligation which rests on one of the parties to an action to persuade the trier of the facts, generally the jury, of the truth of a proposition which he has affirmatively asserted by the pleadings.” Id. at -, 114 S.Ct. at 2256. The Court then concluded that Congress used the phrase “burden of proof’ in the FAPA in light of this generally accepted meaning. Id. at -, 114 S.Ct. at 2257. Accordingly, the Court held that the phrase “burden of proof’ as used in the FAPA refers to the ultimate burden of persuasion. Id.[2]
|gAs the proponent of this action, LANA had the ultimate burden of proving that the premium was unfairly discriminatory.[3] For these reasons, we conclude that the Commissioner erred in placing the burden of proof on LAMMICO.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the Commissioner of Insurance for a new hearing consistent with this opinion. Costs of this appeal are assessed equally between LAMMICO and LANA.
REVERSED AND REMANDED.
CARTER, J., dissents for reasons assigned by CARTER, J., and REDMANN, J. Pro Tern.
REDMANN, J. Pro Tern., dissents.

. The possible issue of whether an insurer can be in violation of unfair trade practices for charging a premium approved by the Louisiana Insurance Rating Commission and thus subject to a show cause hearing pursuant to La.R.S. 22:1355 is not before this Court.

. The Court also made clear that generally, the proper standard of proof in an administrative hearing is a preponderance of the evidence. Director, Office of Workers’ Compensation Programs, — U.S. at —, 114 S.Ct. at 2257, (citing Steadman v. SEC, 450 U.S. 91, 101 S.Ct. 999, 67 L.Ed.2d 69 (1981)).

. The suggestion is made that the evidence should illustrate the risk and exposure factors for physicians utilizing anesthesiologists as well as for physicians using CRNAs. Without evidence relating to both groups, there can be no determination as to whether physicians using CRNAs have "greater” risk and exposure factors than other physicians.