673 So.2d 335 (1996)
MARINE MARKETING SERVICES, INC.
v.
LOUISIANA DEPARTMENT OF INSURANCE.
No. 95 CA 1879.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*336 Charles M. Sheen and Ronald J. White, New Orleans, for Appellant, Marine Marketing Services, Inc.
Barry J. Ingram, Baton Rouge, for Appellee, Louisiana Department of Insurance.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
GONZALES, Judge.
This appeal involves a dispute between the Louisiana Department of Insurance ("Commissioner") and Marine Marketing Services, Inc., ("MMS"), a foreign insurance agency that placed and delivered two mariner's insurance policies providing coverage for recreational vessels owned by Louisiana residents. The Commissioner determined that the agency was transacting an insurance business in Louisiana without authority, which determination was affirmed by the administrative law judge who issued sanctions against MMS. MMS appeals the trial court's judgment affirming the administrative law judge's ruling. MMS contends it was not transacting an insurance business in Louisiana because it was issuing marine insurance, which is excepted from the section requiring authorization by the Commissioner to transact an insurance business in Louisiana.

FACTUAL BACKGROUND
MMS is a specialized insurance broker whose business is exclusively limited to the handling of marine insurance. The only coverage MMS has placed for Louisiana assureds is marine hull and marine protection and indemnity coverage.
In the spring of 1994, the Commissioner undertook an audit of MMS and challenged two of the mariner's policies placed by MMS for two Louisiana residents on recreational vessels. In May, 1994, after the investigation was concluded, the Commissioner issued a Cease and Desist Order that prohibited MMS from placing and delivering marine policies in Louisiana because MMS was not authorized by the Commissioner. The Commissioner then issued a rule to show cause why the order should not be enforced and why MMS should not be fined for the issuance of the two marine policies in question. The rule was submitted on stipulations and briefs, through which MMS argued that it was exempt from the authorization requirement *337 under the marine exception contained in La.R.S. 22:1249(B)(7). On January 18, 1995, the administrative law judge issued a ruling affirming the Cease and Desist Order and sanctioning MMS $10,000.00 for the issuance of the two subject policies. The basis of the ruling was the administrative law judge's conclusion that the policies did not come within the exception because they also afforded coverage for certain on-land risks, such as theft, when the vessels were being transported.
MMS filed a Petition for Review of Administrative Law Judge's Ruling with the Nineteenth Judicial District Court, arguing that the two policies were clearly marine policies and expressly exempt from regulation under the marine exception in the code. After oral argument on March 27, 1995, the trial court, feeling constrained by the arbitrary and capricious standard of review, affirmed the administrative law judge's ruling. In his oral reasons for judgment, the trial judge stated:
R.S. [sic] 49:964(6) provides that a court may reverse the decision of an administrative law judge if it finds that the decision was arbitrary and capricious or manifestly erroneous.
I think since the language of the statute does refer only to use in ocean or inland waterways and the insurance provided by the plaintiff covers liability for on land risks, and the fact that they are pleasure boats is indicative of the intent of the statute. And the Administrative Law Judge interpreted it correctly in my opinion, and his Ruling shall be and Judgment shall be maintained.
Thus, the trial court concluded that La.R.S. 22:6(13)(e) was limited to coverage only while the vessel was in use in water; and since the subject policies provided on-land theft coverage, they were outside of the scope of La. R.S. 22:6(13)(e). Furthermore, the trial court attempted to find the legislative intent behind the exception, concluding that coverage for recreational boats was beyond the intended scope of the marine exception.
MMS filed this appeal from the trial court's judgment, assigning the following as error:
1. The trial court erred by not applying La.R.S. 22:1249(B)(7) consistent with its clear and unambiguous language.
2. The trial court erred in finding that the two (2) policies challenged by the Commissioner do not fall within the "marine" exception of La.R.S. 22:1249(B)(7) and further erred in finding MMS in violation of the Code for issuing these policies.
3. The trial court erred in not finding that the Ruling of Judge Hayes and the Commissioner's Cease and Desist Order are unconstitutional.

STANDARD OF REVIEW
Decisions of the Commissioner are entitled to great weight and should be upheld unless they are manifestly erroneous or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercises of discretion. La.R.S. 49:964(G); Louisiana Medical Mutual Insurance Company v. Green, 94-0616 (La.App. 1st Cir. 5/31/95); 657 So.2d 1052, 1054, writ denied, 95-1643 (La. 10/13/95); 661 So.2d 497. The manifest error doctrine relates only to factual findings of the trier of fact and has no application to conclusions of law or public policy. Louisiana Medical Mutual Insurance Company, 657 So.2d at 1054; Liberty Mutual Insurance Company v. Louisiana Insurance Rating Commission, 589 So.2d 70, 71 (La.App. 1st Cir.1991), writ denied, 590 So.2d 597 (La.1992). However, the Commissioner's ruling may be reversed where the decision lacks a reasonable evidentiary basis or the decision is based on an error of law. Louisiana Medical Mutual Insurance Company, 657 So.2d at 1054; Liberty Mutual Insurance Company, 589 So.2d at 72.

ASSIGNMENTS OF ERROR ONE AND TWO
Through these two assignments of error, MMS basically argues that the lower courts incorrectly interpreted and applied the marine exception contained in La.R.S. 22:1249(B)(7) and accordingly, the cease and desist order and sanction for issuing the two subject policies were inappropriate.
*338 MMS contends that it is exempt from regulation by the Commissioner because the policies issued fall within the "marine" exception of La.R.S. 22:1249(B)(7). This statute provides in pertinent part:
[Section symbol] 1249. Transacting a business of insurance by unauthorized insurer defined
A. Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer is defined to be transacting an insurance business in this state:
* * * * * *
B. This Section shall not apply to:
* * * * * *
(7) Insurance on vessels, crafts, hulls, cargoes, marine builders risks, marine protection and indemnity or other risk including strikes and war risks commonly insured under ocean or wet marine forms of policy.
Thus, placing and delivering marine protection and indemnity insurance and hull insurance is excepted from the definition of transacting a business of insurance by an unauthorized insurer.
Marine protection and indemnity insurance is defined in the Louisiana Insurance Code. See La.R.S. 22:6(13)(e). Louisiana Revised Statute 22:6(13) includes "marine protection and indemnity insurance" as a category of "marine and transportation (inland marine)" insurance. Under section (e) of this statute, "marine protection and indemnity insurance" is defined as "insurance against, or against legal liability of the insured for, loss, damage, or expense incident to ownership, operation, chartering, maintenance, use, repair or construction of any vessel, craft or instrumentality in use in ocean or inland waterways, including liability of the insured for personal injury, illness or death or for loss of or damage to the property of another person."
Under the clear wording of La.R.S. 22:1249(B)(7), if a foreign company issues hull and/or marine protection and indemnity insurance on a vessel, it is exempt from regulation by the Commissioner.
Louisiana Civil Code article 9 provides "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Thus, in cases involving statutory interpretation, well established rules dictate that when the law is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. State Licensing Board for Contractors v. Louisiana Department of Agriculture and Forestry, 588 So.2d 1268, 1272 (La.App. 1st Cir.1991), writ denied, 590 So.2d 598 (La.1992).
We find that La.R.S. 22:1249(B)(7) and 22:6(13)(e) are clear and unambiguous, and their application does not lead to absurd consequences. Thus, the lower courts erred when they searched for the legislative intent behind these statutes instead of applying the statutes as written. In light of this error, we must apply these laws as written to determine if the subject policies provide insurance on hulls or marine protection and indemnity insurance. If they do, we must also find that the lower courts erred as a matter of law in affirming the Commissioner's findings and in sanctioning MMS.
Initially, we do not find it necessary to address the definition of "ocean marine insurance" contained in La.R.S. 22:1379(9). Nowhere in La.R.S. 22:1249(B)(7) is the term "ocean marine insurance" used. This statute clearly provides that the authorization requirement shall not apply to insurance on hulls or marine protection and indemnity insurance. Marine protection and indemnity insurance is defined in La.R.S. 22:6(13)(e). Thus, the statutory provisions relevant to a determination of the issues before this court can be found in La.R.S. 22:1249(B)(7) and 22:6(13)(e).[1]
*339 The Commissioner admits that policies providing marine hull and marine protection and indemnity insurance are exempt from regulation under La.R.S. 22:1249(B)(7). However, he contends the subject policies do not constitute marine protection and indemnity insurance as defined in La.R.S. 6:(13)(e). The Commissioner asserts two main reasons to support this contentionone, the policies provide on-land theft coverage for the vessels; and two, the policies insure recreational vessels.
The first of these reasons is based on the language contained in La.R.S. 22:6(13)(e) wherein it references the phrase "in use in ocean or inland waterways." Focusing on this phrase, the Commissioner argues that the legislature only intended to exempt protection and indemnity policies on vessels that are in actual use in ocean or inland waterways "in the course of their day to day operations in trade or commerce." Accordingly, because there is theft coverage for the subject vessels while they are not in use in ocean or inland waterways, the subject policies are not true protection and indemnity policies. This argument takes the quoted phrase out of context. Specifically, a reading of the entire exception reveals that "in use in ocean or inland waterways" modifies "instrumentality." It does not impose a requirement that a marine protection and indemnity policy must only provide coverage to vessels and crafts while they are "in use in ocean or inland waterways." If the Commissioner's interpretation was correct, such interpretation would render the other provisions of the definition pointless.
For example, the definition of marine protection and indemnity insurance clearly provides that it is insurance providing coverage for "loss, damage, or expense incident to ownership ... maintenance ... repair or construction of any vessel, craft or instrumentality in use in ocean or inland waterways...." La.R.S. 22:6(13)(e). Maintenance, repair and construction are all activities that may or may not take place while the vessel, craft or instrumentality is in actual use in the water. Thus, if there was a requirement that the coverage only be for the vessel while in use in water, the definition would not have included activities that can take place on land, as well as in the water. In this light, it is apparent that the "in use" modifier identifies which "instrumentalities" can properly be the subject of marine protection and indemnity policies. Consequently, as opposed to all vessels and crafts, only certain instrumentalities are properly the subject of marine protection and indemnity insurance.
Additionally, this definition of marine protection and indemnity insurance is broad. It applies to insurance that insures against any "loss, damage or expense incident to ownership...." La.R.S. 22:6(13)(e). Clearly, theft constitutes a loss incident to the ownership of a vessel, whether the vessel is recreational or commercial in nature. Accordingly, the fact that a hull and/or protection and indemnity policy also provides incidental theft coverage of the vessel while in transit on land does not cause the policy to be removed from the category of protection and indemnity insurance coverage, as defined in La.R.S. 22:6(13)(e).
The crux of the Commissioner's argument is that the marine exception was not intended to except from the Commissioner's regulation, foreign insurers who provide insurance on recreational vessels. This argument is based on the phrase "commonly insured under ocean or wet marine forms of policy" found in La.R.S. 22:1249(B)(7). The Commissioner contends that this phrase requires us to look at the vessel and its function to see if its operation includes risks typically insured under "ocean marine insurance." He further contends that because pleasure boats are used for private recreation, they are not boats typically "insured under ocean or wet marine forms of policy." The clear and unambiguous language of the exception and defining legislation defeat this argument for two obvious reasons.
*340 First, the phrase "commonly insured under ocean or wet marine forms of policy" contained in 22:1249(B) does not modify "marine protection and indemnity" insurance or insurance on "hulls," as listed in the exception. Consequently, the "commonly insured" phraseology does not impose a requirement that the insured vessel must be one commonly insured under ocean or wet marine forms of policy. The exception contains specific examples of risks that the legislature concluded were "commonly insured under ocean or wet marine forms of policy." Marine protection and indemnity insurance and hull insurance are two of the specific examples. The "commonly insured" language indicates that certain non-specified risks that are "commonly insured under ocean or wet marine forms of policy" are also excepted from regulation under the marine exception.
Second, the language used to outline the marine exception and to define marine protection and indemnity insurance is broad. This broad language does not exclude recreational boats from the realm of vessels that can be covered by marine protection and indemnity insurance policies and therefore, not subject to regulation. We note there are compelling reasons to support the Commissioner's argument that insurance companies providing protection and indemnity insurance on recreational vessels should be subject to regulation. However, these reasons need to be addressed to the Louisiana Legislature who has the power to change both the language of the exception and the definition of marine protection and indemnity insurance to exclude coverage on private recreational vessels from the marine exception to regulation contained in La.R.S. 22:1249(B)(7).
In conclusion, we find that the administrative law judge and trial court improperly considered the legislative intent of a clear and unambiguous statute. Accordingly, by not applying the relative statutes as written, the lower court's affirmance of the Commissioner's ruling constituted an error of law because it was in conflict with the express language of the code and jurisprudence concerning the nature and scope of marine insurance.[2]

DECREE
For these reasons, we reverse the lower court's finding that MMS was transacting a business of insurance in Louisiana without authority. Accordingly, the Commissioner's Cease and Desist Order and the ruling of the administrative law judge sanctioning MMS are vacated. Costs of this appeal are assessed against the Louisiana Department of Insurance.
NOTES
[1] In their respective briefs, the parties assume that La.R.S. 22:1249(B)(7) excepts "ocean marine insurance" from the definition of transacting a business of insurance by an unauthorized insurer. Consequently, the parties spend much time and effort in brief discussing the definition of "ocean marine insurance." However, the basis of this assumption is not clearly outlined. Under an application of the unambiguous language of La.R.S. 22:1249(B)(7) as written, it is not necessary to address the definition of "ocean marine insurance" because the issuance of marine protection and indemnity insurance is one of the types of insurance that the legislature has determined does not warrant regulation by the Commissioner, and the legislature has defined this term in the Louisiana Insurance Code.
[2] Because we resolve this case on the arguments set forth in assignments of error one and two, we need not address the argument of MMS raised by assignment of error number three.