Dear Mr. Odom:
You have asked whether the Louisiana Agricultural Finance Authority (LAFA) may legally bid and contract for the construction of public works and the procurement of materials, supplies and services required for such construction, utilizing procedures different from the provisions of the Public Bid Law (La. R.S. 38:2211-2237) and the Louisiana Procurement Code (La. R.S. 39:1551-1755), by virtue of the express authority granted to LAFA by La. R.S. 3:266 and, more particularly, La. R.S. 3:266(14) and (21).
A fundamental rule of statutory interpretation is that the Legislature has acted with deliberation and with full knowledge of existing statutes bearing on the same subject matter when it enacts a new statute bearing on that subject matter. Theriot v.Midland Risk Insurance Co. 95-2895 (La. 5/20/97): 694 So.2d 184; La. C.C. Art. 13.
The LAFA Act is a special act and the Public Bid Law and Louisiana Procurement Code are general laws. The Public Bid Law is applicable to public works undertaken by state entities and the Louisiana Procurement Code is applicable to purchases of materials, supplies, equipment and services by such entities. Opinion Number 89-21 of this office addressed the applicability of the Louisiana Procurement Code and found that the LAFA Act preempted the Procurement Code with regard to purchases of movable property. However, since the LAFA Act was silent with regard to contracts for ordinary or operating services, contracts for such services are subject to the provisions of the Procurement Code.
Another fundamental rule of statutory interpretation is that a statute directed to the specific matter at issue must prevail as an exception to a statute more general in nature.Kennedy v. Kennedy, 96-0732 (La. 11/25/96) 699 So.2d 351.Louisiana Medical Mutual Insurance Co. v. Green, 94-0616 (La.App. 1st Cir. 5/31/95) 657 So.2d 1052.
The Legislature adopted the LAFA Act long after the enactment of the substantive portions of the Public Bid Law and Procurement Code. The provisions of La. R.S. 3:266(14) and (21) stand in derogation of the provisions of those earlier, general statutes. We observe that the Legislature must have intended the LAFA Act to authorize LAFA to bid for and contract for the construction of public works, and for the materials, supplies and services required for said construction, in a manner different from the provisions of the Public Bid Law and Procurement Code, as the LAFA Act explicitly allows LAFA to "acquire . . ., movable or immovable property . . . construct, or rehabilitate . . ., the same, . . . with or without public bidding." La. R.S. 3:266(14). We further observe that the recently enacted provisions of La. R.S. 3:266(21) allow LAFA "[n]otwithstanding any other law, [to] supervise and utilize public employees, equipment and material in carrying out public work. . . ." The exercise of this express authority granted by the Legislature to LAFA supplants the procedures of La. R.S. 38:2212. The new provision is an affirmation that the Legislature expressly intended that LAFA need not bid for and contract for the construction of public works in accordance with the procedures of the Public Bid Law.
LAFA is invested by La. R.S. 3:266 with "all the powers necessary to give effect to and carry out" those undertakings which are related to LAFA's express charge in law to assist the agricultural industry in the State of Louisiana. It is evident and clear that the Louisiana Legislature intended the LAFA Act, the Public Bid Law and the Louisiana Procurement Code to stand together and each to have meaning. To hold that the LAFA Act cannot bid for construction and materials in a manner different from the Public Bid Law and the Louisiana Procurement Code is to disregard the express intent of the Legislature set forth in La. R.S. 3:266. Such an interpretation would render these LAFA Act provisions meaningless.
Accordingly, to give full meaning to the Legislature's express authorization of LAFA to have "all the powers necessary to give effect to and carry out" the provisions of the LAFA Act we conclude that LAFA is authorized by the provisions of the LAFA Act and by the express wording of La. R.S. 3:266(14) and (21), to bid and contract for public works, and to procure materials and supplies, in a manner different from the procedures prescribed in the Public Bid Law and the Louisiana Procurement Code. Procurement of operating services should still be accomplished in compliance with the Louisiana Procurement Code.
I trust that this answers your inquiry. Please let us know if we may be of further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: GLENN R. DUCOTE
Assistant Attorney General
RPI/GRD:jv