421 So.2d 847 (1982)
The DOW CHEMICAL COMPANY
v.
Freddie H. PITRE, Sr., Sheriff and Tax Collector, Parish of Iberville, State of Louisiana.
Freddie H. PITRE, Sr., Sheriff, et al.
v.
LOUISIANA TAX COMMISSION and the Dow Chemical Company.
No. 81-C-2594.
Supreme Court of Louisiana.
October 18, 1982.
Rehearing Denied November 19, 1982.
*848 G. William Jarman, R. Gordon Kean, Jr., Sanders, Downing, Kean & Cazedessus, Baton Rouge, for applicant.
Michael R. Fontham, Stone, Pigman, Walther, Wittmann & Hutchinson, J. Broocks Greer, New Orleans, Houston, J. Gascon, III, Plaquemine, Robert H. Abbott, Baton Rouge, for respondents.
LEMMON, Justice.
We granted certiorari to determine the proper venue and procedure for judicial review of a decision of the Louisiana Tax Commission regarding the 1980 tax assessment of Dow Chemical Company's property located in Iberville and five other parishes.[1]

I.
Dow timely submitted a property tax report to the assessor in each parish, and the assessors subsequently completed the assessment lists. Dow thereafter protested its assessment before the six parish boards of review, composed of members of the police juries of the respective parishes.[2]
After all protests were denied, Dow appealed to the Louisiana Tax Commission. R.S. 47:1989. The commission held one consolidated hearing on the protest, since the issues were common as to each parish, and one consolidated record was developed.
The decision of the Tax Commission had not been rendered by December 31, 1980, the date on which payment of the assessment was required. Therefore, pursuant to *849 R.S. 47:2110, Dow paid the taxes in the individual parishes under protest and filed petitions for refunds against the sheriffs of each of those parishes.[3]
On May 6, 1981, the Tax Commission rendered a decision, reducing the assessment, but not to the extent that Dow had requested. Dow then filed petitions in the district court in East Baton Rouge Parish, seeking review of the Tax Commission's decisions for each of the six parishes under judicial review provisions on the Louisiana Administrative Procedure Act, (A.P.A.), R.S. 49:964.[4] Shortly thereafter, Dow filed a motion to consolidate the appeals in East Baton Rouge Parish. The motion was granted, and those consolidated suits are now pending in Division "H".
In the meantime Dow, apparently as a precautionary measure, also filed petitions for appeal and judicial review of the Tax Commission decision in each of the six parishes, pursuant to the provisions of R.S. 47:1998 for review of an action by the Tax Commission.[5] Under the same statutory authority, the Iberville Parish Sheriff and Assessor and the various tax recipient bodies filed a petition for appeal and judicial review in the district court of Iberville Parish, contesting the reduction in the Tax Commission's decision. All of the suits in Iberville Parish were consolidated.
In the consolidated actions in Iberville Parish, Dow excepted to the venue and alternatively to the right of any party other than the Assessor to bring the appeal. Dow also moved to transfer or to stay the Iberville proceedings, because of the previously pending appeals in East Baton Rouge Parish.
The district court in Iberville Parish overruled Dow's exceptions and denied the motions to transfer and to stay. The court of appeal thereafter denied an application for supervisory writs. We then granted Dow's application for certiorari. 409 So.2d 627.

II.
Dow contends that the Tax Commission is subject to the A.P.A.[6] Using this *850 predicate, Dow argues that when a record is made of the protest hearing before the Commission pursuant to R.S. 49:955 F, the Commission's decision must be based upon the evidence in the record, and judicial review must be confined to the record (R.S. 49:964) and must be instituted in the parish in which the agency is located. Dow concludes by asserting that even if the judicial review provisions of R.S. 47:1998 have some applicability, the Legislature did not intend to provide two procedures for judicial review in several different jurisdictions, with the resulting duplication, loss of efficiency, and waste of time, effort and cost which is likely to occur in this case.
On the other hand, the Assessor (and other officials) argue that because Dow thwarted the prehearing attempts to obtain information, it is unfair to confine the proceedings in the district court (in any parish) to the record compiled before the Commission. Furthermore, according to the Assessor, Dow has resisted discovery efforts in the district court, and proceeding under the A.P.A. on the existing record would result in "trial by ambush". The Assessor also points out that there are no limitations in R.S. 47:1998 on the receipt of evidence in the district court. Finally, the Assessor contends that R.S. 47:1998 is a specific statute for judicial review of Tax Commission decisions and takes precedence over the more general statutes of the A.P.A., which should be applied only in the absence of a specific provision.
The procedure for assessment of ad valorem taxes is contained in R.S. 47:1951 et seq. Dow appealed from the decision of the local board of review to the Tax Commission pursuant to R.S. 47:1989, which also provides that the decisions of the Tax Commission become final unless appealed to the district court within 30 days. R.S. 47:1998 provided that any taxpayer dissatisfied with the action of the tax commission under the provisions of R.S. 47:1989 may institute suit within 30 days in the district court of the parish where the property is located. Thus, R.S. 47:1998 is an express legislative complement to R.S. 47:1989's reference to appeals after the Tax Commission has reviewed the decision of the local board of review. Since the Legislature has expressly provided a specific procedure for judicial review of the Tax Commission's actions on appeal of local board decisions, as part of the overall procedure controlling ad valorem tax assessment, any other administrative procedure that pertains generally to all nonexcluded agencies and commissions simply is not applicable.[7]
Moreover, since the assessor may bring suit to protect the state's interest (as was done here) under the express provisions of R.S. 47:1998 C, it is highly unlikely that the Legislature contemplated that the taxpayer could bring suit as an alternate remedy under the A.P.A., while the assessor may bring suit in a different parish under R.S. 47:1998 C.
Finally, the suits involving the valuation of the pipeline can all be tried in Iberville Parish. R.S. 47:1998 A provides that a taxpayer who owns property assessed in more than one parish may file suit in the district court in any one of the parishes. Dow's pipeline is assessed in more than one parish, and the suit on all valuations of that pipeline could be filed and tried in Iberville Parish. Thus, allowing the suit to proceed in Iberville Parish does not present any significant potential for judicial inefficiency.
The rulings of the trial court are affirmed.
NOTES
[1] At issue in Iberville Parish is the proper valuation of machinery, equipment and pipelines. The only issue in the other parishes is the pipeline valuation.
[2] The principal issues are (1) whether Dow is entitled to a deduction from the appraised value based on the economic and functional obsolescence of the property and (2) whether the assessors should be required to apply an updated index to their valuations so as to fix the same valuation date as for all other property.
[3] The suit against the Sheriff of Iberville Parish was filed in the district court in that parish. R.S. 47:2110 D expressly provides that the right to sue under that statute shall be in addition to the rights provided in R.S. 47:1998.
[4] R.S. 49:964 provides in part:

"A. A person who is aggrieved by a final decision or order in an adjudication proceeding'is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
"B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record." (Emphasis supplied.)
[5] R.S. 47:1998 was partially rewritten in 1980 (without substantive change pertinent to this case) and now provides in part:

"A. Any taxpayer in the state dissatisfied with the action of the tax commission under the provisions of R.S. 47:1989, shall have the right to institute suit within thirty days of the decision of the tax commission in the district court of the parish where the property is located contesting the correctness of assessment. Any taxpayer who owns property assessed in more than one parish may institute this suit in the district court of any one of the parishes in which the property is located and assessed. Any taxpayer who has filed suit under this provision and whose taxes have become due shall pay said taxes under protest and shall cause to issue notice to the officer designated by law for the collection of such tax under the provisions of R.S. 47:2110(E).
* * * * * *
"C. The assessor shall bring suit, when necessary to protect the interest of the state, and shall also have the right of appeal and such proceedings shall be without cost to him or the state." (Emphasis supplied.)
[6] Agency is defined in R.S. 49:951(2) as follows:

"`Agency' means each state board, commission, department, agency, officer, or other entity which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, except the legislature or any branch, committee, or officer thereof, any political subdivision, as defined in Article VI, Section 44 of the Louisiana Constitution, and any board, commission, department, agency, officer, or other entity thereof, and the courts."
[7] The record of the hearing before the Commissioner was compiled under the Rules and Regulations of the Tax Commissioner, although the A.P.A. contains a provision requiring a transcript upon request. There is no specific indication in this record that the A.P.A. was applied at any stage of the assessment proceeding.