652 So.2d 662 (1995)
HIBERNIA NATIONAL BANK
v.
The LOUISIANA TAX COMMISSION.
No. CA 94 0677.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
*663 Robert H. Abbott, III, Baton Rouge, for plaintiff-appellant, Hibernia Nat. Bank.
Vyrona M. Wiltz, Krotz Springs, for defendant-appellee, Louisiana Tax Com'n.
Before GONZALES, PARRO, JJ., and REDMANN[1], J. Pro Tem.
WILLIAM V. REDMANN, Judge Pro Tem.
Hibernia National Bank appeals from a judgment sustaining the Louisiana tax commission's exception of prescription against Hibernia's suit for judicial review of commission decisions on certain Hibernia property assessments.
The district court held that Hibernia's application to the commission for rehearings, *664 because filed after the ten days allowed by the administrative procedure act (APA) rule of La.R.S. 49:959(A), was untimely and therefore did not interrupt the running of the delay for suit, after uninterrupted passage of which the commission decisions became final.
We reverse. We hold that tax commission rehearing applications are governed not by the general APA rule of R.S. 49:959(A), but by a specific tax commission rule, authorized by La.R.S. 47:1989(C)'s grant to the commission of rule-making power over its hearings. Under the commission's rule, Hibernia's application for rehearing was timely, and therefore its suit within 30 days of the commission's denial of rehearing was also timely.

Facts
Two Orleans parish assessors appealed to the tax commission from the Orleans parish board of review's reductions in the assessors' assessments of certain of Hibernia's property.
The commission, after hearings in November 1992, by decisions dated January 14 and 15, 1993, but not mailed until January 19, reversed the board of review's reductions in whole or part. Hibernia received the decisions, with cover letters to the assessors, January 22. The letters were dated January 19, and advised of a right to appeal to the district court within 30 days of "the date of this letter."
Hibernia applied for rehearing within that 30 days, on February 16. On February 17 the commission denied rehearing. On March 18, 29 days later, Hibernia filed suit for judicial review.

Issues
The ultimate question is whether Hibernia's suit for review was timely filed. Preliminary questions are whether Hibernia's application for rehearing with the commission was timely, and whether a timely application affects the period for filing the suit in district court.

General Principle
In addition to the general constitutional right to open access to the courts for redress of injury, La. Const. art. 1 § 22, property taxpayers have a specific constitutional right to judicial review of the assessor's assessments (after review by the parish governing authority and then by the tax commission). La. Const. art. 7 § 18(E). Because the right to judicial review is an express constitutional right, restrictions on its exercise should be narrowly construed, and we consider the issues in light of this basic principle.

Timeliness of Hibernia's Application for Rehearing
The APA, in R.S. 49:959(A), provides that a state agency decision is "subject to rehearing ... within ten days from the date of its entry." Subsec. (B), however, provides that § 959 does not prohibit rehearing by an agency "in accordance with other statutory provisions applicable to such agency." Moreover, R.S. 49:967(A) (as amended, La.Acts 1982 No. 708[2]), while declaring the commission governed by the APA "in its entirety," adds: "unless otherwise specifically provided by law."
Mayor & Council v. Dept. of Env. Quality, 604 So.2d 144, 148, n. 7 (La.App. 1st Cir.), writ denied, 607 So.2d 563 (La.1992), is not controlling because it found "no statute or administrative regulation providing a specific time period ... for a rehearing," for which reason it applied the APA's R.S. 49:959. It cited Corbello v. Sutton, 446 So.2d 301 (La. 1984), for the rule that the APA delay provisions apply in the absence of contrary provisions (which were in fact present in Corbello).
There is no absence of contrary provision in the case of the tax commission, for R.S. 47:1989(C) both is expressly applicable, and specifically provides ("otherwise" than the APA provisions) that hearings of the commission on assessments "shall be conducted in *665 accordance with rules and regulations established by the tax commission."
Under authority of § 1989(C), the tax commission has established rules including one allowing a rehearing request, "if such request is made before appeal ... has been filed or the Commission's decision has become final." Rules and Regulations of the Tax Commission, page AP-7, para. 17, hereinafter "rule 17." (Another statute supportive of that rule is R.S. 47:1990, authorizing the commission to "change or correct any and all assessments... at any time before the taxes levied have actually been paid.")
We conclude that such questions as when a hearing is closed, and whether and when it may be reopened, reconsidered or reheard, are within the statutory grant to the commission of rule-making power over hearings, and the commission's rule is therefore within R.S. 49:967(A)'s exception to applicability of the APA.
Furthermore, the commission cannot be heard to contest the validity of its own rules, made under apparent statutory authority, and promulgated to the public for their governance in commission matters. Central Louisiana Electric Co., Inc. v. Louisiana Public Service Commission, 377 So.2d 1188 (La.1980).
We conclude that the applicable rehearing rule is that of the tax commission, allowing rehearing requests until a decision has become final.
The question of when a commission decision becomes final does not have a wholly clear answer. R.S. 47:1989(D) declares commission decisions "final unless appealed to the district court within thirty days" (without specifying from when), and R.S. 47:1998(A)(1) provides a "right to institute suit within thirty days of the decision of the tax commission" (emphasis supplied). The tax commission does not argue that an application for rehearing never prevents a commission decision from becoming final; indeed, we note again the commission's own rule authorizing rehearings. Additionally, and notwithstanding the arguably contrary expressions of those statutes, we observe that the commission's advice in its January 19 letter, that the 30-day appeal period runs from the date of the transmittal letter (i.e., the date of mailing), is consistent both with basic due process notice requirements of La. Const. art. 1 § 22, and with the APA, R.S. 49:964(B). Once again, the commission does not contend, and is estopped to contend (similarly as in Central Louisiana Electric, above), that its own written instruction to taxpayers is invalid.
We therefore hold that Hibernia's application for rehearing, filed 28 days after the mailing of the commission's decision, was timely under commission rule 17 and the commission's letter.

Timeliness of Hibernia's Suit
As above noted, R.S. 47:1998(A)(1) provides a "right to institute suit within thirty days of the decision of the tax commission." One reasonable interpretation, in the case of a timely application for rehearing, is that the 30-day period of § 1998(A)(1) runs from the decision by the commission on any timely application for rehearing. No other statute or regulation under § 1989(C) provides a different delay for suit for judicial review after timely application for rehearing. If, however, § 1998(A)(1) be interpreted not to provide 30 days to sue for judicial review after a commission decision denying rehearing, then, as Corbello declares, 446 So.2d at 302, the APA delay provisions govern because of the absence of an applicable contrary provision: "Thus, in no event, whenever an administrative order is issued, is there an absence of statutory provision for the time delays within which the petition must be filed."
The APA, R.S. 49:964(B), provides for a petition for review within 30 days after the decision on an application for rehearing, and § 959(B) provides that the period runs from the final disposition of the application.[3]
*666 Hibernia's suit for judicial review was filed within 30 days of the commission's decisions disposing of the application for rehearing. Under either R.S. 47:1989(D) or R.S. 49 §§ 959(B) and 964(B), the suit was timely.

Decree
Reversed; exception of prescription overruled; tax commission to pay $321.41 costs of this appeal.
NOTES
[1] Judge William V. Redmann, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The amendment followed Dow Chemical Co. v. Pitre, 421 So.2d 847, 850 (La.1982), which ruled that, in view of Title 47's specific procedure for review of tax commission review of boards of review, the APA "simply is not applicable." The amendment makes the APA applicable, but not where other statute applies. Corbello v. Sutton, 446 So.2d 301, 303 (La.1984).
[3] The commission's letter responding to the application for rehearing advised it (1) "does hereby deny rehearing" and (2) "reaffirms its decision." The letter added advice of the right "to appeal these decisions" within 30 days "from the dates of said decisions in accordance with R.S. 47:1989." If "these decisions" refers not to the February 17 decisions to deny rehearing and to reaffirm the earlier decisions, but to the January 14 and 15 decisions, the 30-day "appeal" period would have already passed before the February 17 letter was written.