J¿FOIL, J.
At issue in this appeal is whether two taxpayers are barred from challenging their assessments for failing to initiate administrative review of those assessments within three days of the closing of the tax rolls. The Louisiana Tax Commission refused to hear the challenges apparently on the basis that they were not timely filed with the Board of Tax Review.[1] We find the three-day time limitation does not bar the taxpayers’ challenges to their assessments under the facts of this case, and remand the matter to the Tax Commission.
BACKGROUND
Two taxpayers filed lawsuits in the 19th Judicial District Court styled as petitions for a writ of mandamus seeking orders compelling the Louisiana Tax Commission to hold a hearing on their challenges to property assessments determined by the Assessor of the First Municipal District for the Parish of Orleans. The allegations of those petitions, and the evidence adduced at the hearing on the mandamus requests, can be summarized as follows: Taxpayers are the owners of two “Class C” office buildings located in the Central Business District in New Orleans. Patricia Johnson, the assessor for the First Municipal District, attested that in 1995, she valued office buildings in her district using an income approach. In 1998, she did a district-wide reevaluation of certain properties in her district, including office buddings, and reassessed those buildings on the basis of recent sales. Notice was published in the newspaper reflecting the opening of the rolls, but nothing was said about the new assessments. The assessor admitted that there was no action taken by her from which any taxpayer would have been able to discern that new assessments were being contemplated before she opened her rolls on August 1, 1998.
laUnder the new assessments, “Class A” office buildings were assessed at $100.00 per square foot, while “Class B” buildings were assessed at $80.00 per square foot and “Class C” buildings were assessed at $61.00 per square foot. The rolls were closed on August 15, 1998. Thereafter, the assessor met with representatives of the business community and as a result of that meeting, she reassessed all Class A buildings at $60.00 per square foot. Taxpayers complain that this action meant that owners of older, less valuable Class C buildings would be paying a higher tax rate on their less valuable properties.
Giant Family filed its appeal with the Board of Tax Review on September 4, 1998, two days after, it claimed, it learned *1221 of the reassessment. Giant Family argued that the assessor lacked authority to reappraise the property outside the quadrennial reassessment period provided for in La. Const. art. VII, § 18F, La. R.S. 47:2331, and La. Tax Commission Rule 303(B)(2). The constitutional provision states that “[a]ll property subject to taxation shall be reappraised and valued in accordance with this Section, at intervals of not more than four years.” La. R.S. 47:2331 basically states the same thing. The Tax Commission Rule provides that property can be reevaluated more often than on the four year cycle if there had been inaccurate appraisals made or if the property was not uniformly appraised. Appellant asserts that the assessor does not show that the appraisals made at the commencement of the quadrennial cycle were in error, she does not assert that there was a lack of uniformity infecting the existing appraisals, and she does not maintain that there have been improvements to the properties at issue, which the Taxpayers have by testimony also confirmed. It is undisputed that the challenged reassessment was done outside the quadrennial cycle.
The second taxpayer, 757 St. Charles, filed its appeal with the Board of Tax Review on September 16, 1998, asking for leave to file an out of time protest. 757 St. Charles attacked the correctness of its own assessment and the change in valuation of Class A buildings after the rolls had closed.
The Board of Tax Review did not rule on the merits of the taxpayers’ challenges to their own assessments on the basis that the appeals were |4untimely. However, although the Board noted that the appeal as it pertained to the change in Class A buildings was timely received, it did not rule on the merits of that claim. Instead, the Board adopted a resolution referring the allegations of unfair assessments of Class B and Class C office buildings to the Tax Commission and asking the Commission to consider those allegations during its review of assessments in the First Municipal District. The taxpayers appealed to the Tax Commission, which refused to hear the appeals.
In their mandamus petitions, both taxpayers urged that the net effect of the assessor’s reevaluation of their properties was to increase the taxable value by 230 percent. Both offered evidence showing the values of their properties had previously been set by the Tax Commission. On January 13, 1998, the Commission issued an order setting the fair market value (FMV) of the office building at 757 St. Charles at $711,113. The revaluation by the assessor seven months later resulted in an increase in the FMV of the property to $1,271,130.00. In the case of Giant Family, the Tax Commission set the FMV of its property at $696,861 on January 28, 1997. The FMV of the property under the new assessment was $1,664,000.00.
The trial court denied the taxpayers’ requests for a mandamus, observing that while the law required the Tax Commission to consider appeals of taxpayers dissatisfied with a determination of the Board of Tax Review, the resolution adopted by the Board was not a “determination” so as to trigger a mandatory duty on the part of the Tax Commission to hear the appeal. This appeal, taken by the taxpayers, followed.
DISCUSSION
The sole provision relied upon as a time bar to the instant actions can be found in La. R.S. 47:1992F(2)(b), which sets forth one of the procedures for protesting a tax assessment in Orleans Parish to the Board of Tax Review. That provision states that the taxpayers’ complaint form must be received in the assessor’s office within three business days after the last date on which the lists are exposed. The taxpayers urge that their failure to file the appeals within three days of the closing of the rolls should be excused, asserting a Rcontra non va-lentum argument to suspend the running of the three-day time limitation. The Assessor contends that the taxpayers may *1222 not rely on any equitable principles to avoid the application of the three-day rule because the taxpayers failed to inspect the tax rolls, and it was thus their own inaction that resulted in the failure to exercise their appeal rights to the Board of Tax Review in a timely fashion. In effect, the Assessor insists a taxpayer’s failure to inspect the rolls and file within three days of the closing of the rolls automatically precludes a taxpayer from challenging a tax assessment.
We disagree. Besides having a general constitutional right to open access to the courts for redress of injury, taxpayers challenging the correctness of an assessment have a specific constitutional right to judicial review of an assessment after review by a parish governing authority and review by the Louisiana Tax Commission. La. Const. art. VII, § 18 E. Because this right of review is express in the constitution, any restrictions on its exercise must be narrowly construed. Hibernia National Bank v. Louisiana Tax Commission, 94-0677, p. 3 (La.App. 1 Cir. 3/3/95), 652 So.2d 662, 664.
In light of these principles, we believe the appropriate inquiry is whether the taxpayers’ failure to inspect the rolls and file within three days of the closing thereof is justified under all of the circumstances. In this case, we agree with the taxpayers’ argument and find that their failure to inspect the rolls was justified because the FMV of their properties had been set by the Tax Commission, the reassessment occurred 'outside the quadrennial year, and there was nothing to put the taxpayers on notice that the assessor was considering a reassessment which substantially altered the values of their properties that had been set by the Tax Commission. Thus, we conclude that La. R.S. 47:1992F(2)(b) does not bar the taxpayers from challenging their assessments, and the Commission erred in ruling otherwise.[2]
[¡¡Furthermore, La. R.S. 47:1992F(2)(b) is not applicable to the taxpayers’ claims regarding the assessor’s change in valuation of Class A buildings after the rolls were closed. In an effort to defeat this challenge, the assessor claims that the taxpayers may attack only the correctness of their own assessments and may not attack the legality of another taxpayer’s assessment.
We find no merit to this argument. The taxpayers’ attack on the assessor’s treatment of Class A buildings is a challenge to the correctness of their own assessments. The taxpayers are arguing that the assessor’s decision to change the valuation of Class A buildings resulted in their less valuable property being overburdened and not assessed in accordance with the dictates of the Louisiana Constitution, which requires assessors to determine the FMV of property in accordance with criteria established by law, which “shall apply uniformly throughout the state.” La. Const. art. VII, § 18.
Although the parties spend considerable effort debating the issue of the taxpayers’ right to mandamus relief, we believe this case should instead be treated as a petition for judicial review of the Tax Commission’s decision to dismiss the appeals as untimely. We reverse that determination, and remand this matter to the Commission to conduct further proceedings not inconsistent with the views expressed in this opinion.[3]
CONCLUSION
Based on the foregoing, the matter is remanded to the Tax Commission. All costs of this appeal, in the amount of *1223 $1899.03, are assessed to the Assessor of the First Municipal District of the City of New Orleans.
REVERSED AND REMANDED.
JULIEN, J. Pro Tem., dissents.

. Although we have no written decision of the Commission indicating this was the basis for the refusal to hear the appeal, the arguments are premised on the timeliness of the appeals filed with the Board of Tax Review and we assume, for the purpose of this opinion, that the Commission dismissed the appeals as being untimely filed with that review board.

. None of the parties offered any time requirements that may have been imposed by the Commission for appealing tax assessments. As noted earlier, the only provision relied on was La. R.S. 47:1992F(2)(b) in support of the timeliness argument.

. Because the Board of Tax Review did not take any action on the taxpayers’ appeal, the Commission may choose to remand the matter to that body for a hearing and decision.