780 So.2d 450 (2000)
Naomi Delores Kyle LANDRY
v.
Cindy A. LATTER.
No. 2000-CA-0100.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 2000.
Rehearing Denied January 31, 2001.
Writ Denied April 27, 2001.
*451 Henry L. Klein, New Orleans, LA, Counsel for Plaintiff/Appellant.
Leonard L. Levenson, New Orleans, LA, Philip E. James, Jr., Marshall G. Weaver, Henican, James & Cleveland, Metairie, LA, Counsel for Defendant/Appellee.
Court composed of Judges JONES, BAGNERIS, and LOVE.
BAGNERIS, Judge.
This appeal arises from the judgment of the trial court granting Latter's peremptory exception of prescription. We affirm.

Statement of Facts and Procedural History
Naomi Delores Landry Scherrer ("Landry") met defendants, Cindy Ann Latter and her father Stanford Latter, while Landry and Cindy were attending real estate school in Metarie, Louisiana. Landry learned that Stanford Latter was in the real estate business and expressed her desire to meet him in order to discuss some potentially lucrative real estate investments. Shortly after their initial meeting, Stanford Latter learned about an investment opportunity in an industrial park in Kenner, Louisiana, known as 105 E. Airline Highway. He informed Landry of this opportunity and she expressed her immediate interest in investing in this property.
Stanford Latter strongly urged Landry to seek independent legal advice prior to investing in the property. After meeting with an independent attorney, Landry requested Stanford Latter to become a fifty-percent partner with her in the Kenner industrial park. In addition, Landry offered to provide the requisite funds for the investment. After Stanford Latter declined this offer, Landry proposed the same deal to his daughter, Cindy. Cindy Latter accepted this offer, and on October 14, 1992, Landry transferred a one-half interest in the Kenner property to Cindy Latter.
On June 29, 1994, Landry filed a lawsuit against Cindy Latter, to obtain the custody of the records and books relating to the Kenner property. In her petition, Landry stated that immediately after she had purchased the property, she had permitted Cindy Latter to become a one-half owner and one-half mortgagor of the property, even though Latter did not contribute the required capital necessary to purchase the property. Further, Landry requested that she should be entitled to control the bank deposits and the disbursement of the mortgage indebtedness since she alone is the mortgagor and the record owner of the property.
On December 31, 1996, Landry filed another lawsuit in the Federal Court, requesting the judicial dissolution and rescission of the investment agreement she entered into with Cindy Latter, notwithstanding the proceedings initiated in the state trial court two years prior.
On July 1, 1998, Landry filed an amended and supplemental petition by ex-parte order, without a contradictory hearing, in state court. In her amended petition, Landry named Stanford Latter and his professional liability insurer as additional defendants. Landry alleged that Stanford Latter had breached his fiduciary duty toward her.
On August 10, 1998, Landry filed an amended and superceding complaint in her federal court suit. In this complaint, Landry superceded and restated her allegations of fact and her causes of action against the defendant Cindy Latter. In the amended petition, Landry alleged that Stanford Latter had breached his fiduciary *452 duty by failing, neglecting and omitting to advise Landry regarding her interests in the Kenner property. Landry further alleged that the recordation of a counter-letter, wherein she acknowledged that she had purchased the Kenner property with the understanding that Cindy Latter would be the owner of a one-half interest in the property, clouds the title she held.
In the alternative, Landry argued in her amended petition that the Doctrine of Lesion Beyond Moiety entitles her to rescind the transaction. Landry further alleged that the actions of Stanford Latter and Cindy Latter were joint and concerted actions that give rise to joint and solidary liability as to all of the damages sustained by her.
Cindy Latter filed a motion for summary judgment in the federal court proceeding, claiming that Landry's claim of lesion beyond moiety had prescribed. The motion was denied on the ground that the court was unable to determine from the summary judgment evidence, whether the lesion claim had actually prescribed.
Cindy Latter filed in state court a peremptory exception of prescription, failure to state a cause and/or right of action and a motion to vacate the ex parte order allowing Landry to file her amended and supplemental petition without notice or a contradictory hearing. Cindy Latter claimed that Landry had filed her amended petition in the state court proceedings in an attempt to defeat a prescription defense that the Latters had presented to the federal court. Stanford Latter adopted these peremptory exceptions and the motion to vacate filed by Cindy Latter.
On July 23, 1999, the state court issued a judgment sustaining the Latter's peremptory exception of prescription and denying both the Latter's exception of no cause/right of action and motion to vacate the court's ex parte order. The court in its reasons for judgment, stated that the amended petition did not relate back to the filing of the original petition, and that the filing of the original petition therefore did not interrupt prescription on the new actions presented in the amended petition. Landry later filed a motion for reconsideration, which the court denied.
On appeal, Landry contends that the state trial court erred in ignoring the principles of comity in failing to give deference to the prior judgment of the federal court and in issuing a contradictory ruling on the same issue as was presented before the federal court. In addition, Landry claims that the state trial court erred in granting the exception of prescription on the ten-year cause of action where the defendant in the breach of [A] fiduciary duty action had not made the plea and prescription had been interrupted in both the state and federal proceedings.

Applicable Law and Analysis
An Appellate Court reviews questions of law to determine whether the trial court was legally correct or incorrect in its decision. See Minor v. Casualty Reciprocal Exchange, 96-2096 (La.App. 1 Cir. 9/19/97), 700 So.2d 951, writ denied, 97-2585 (La.12/19/97) 706 So.2d 463. In a review of questions of law, this Court gives no special weight to the findings of the trial court, but instead reviews the questions of law and makes a judgment on the record. See Gonzales v. Xerox Corp., 320 So.2d 163, 165 (La.1975).
Landry contends that the state trial court erroneously ignored principles of comity when it granted the defendants' peremptory exception of prescription. Landry argues that due to the trial court's failure to give deference to a federal court judgment rendered as to the same issues presented, there are now two inconsistent judgments rendered by two different courts with concurrent jurisdiction.
In response, Stanford Latter asserts that the federal court was not presented with the same issues as the state trial court. Stanford Latter argues that the defendants had filed the summary judgment motion in federal court on the ground that the claims made by the plaintiff in her supplementary complaint filed in *453 the federal suit had prescribed. Stanford Latter contends that principles of comity would therefore not apply. Further, Cindy Latter asserts that the state trial court was not precluded from considering her exception of prescription simply because the federal court had issued an interlocutory ruling denying her motion for summary judgment where that ruling was predicated in part on issues of fact contained in the Landry's amended petition filed below in the state trial court. We agree.
The doctrine of comity is applied to prevent conflicts between state and federal courts with concurrent jurisdiction on the same issue. The principle of comity is applied in order to prevent the re-litigation in a state court of issues already decided in a federal court with concurrent jurisdiction (or vice-versa).
In May 1999, the federal court denied Cindy Ann Latter's motion for summary judgment. The court reasoned that based on the evidence before it, it was unable to determine whether the federal claim had actually prescribed due in part to the fact that Landry had filed an amended petition in the state trial court. Cindy Latter subsequently filed a motion for reconsideration with the federal court. In its denial of reconsideration of its denial of summary judgment, the federal court stated that Landry's lesion claims contained in her amended state trial court petition operated to interrupt prescription on the lesion claims contained in the amended federal court complaint.
In her opposition to the peremptory exception filed by the Latters in the state trial court proceedings, Landry noted that the federal court found that the state trial court's pleadings interrupted prescription on the federal court claims, however Landry failed to mention anything about the interruption of prescription on the claims before the state trial court. In addition, Landry failed to mention her claims against Stanford Latter, even though she joined Stanford Latter in the federal court action on a breach of fiduciary duty claim.
In its decision granting the defendants' peremptory exception, the state trial court concluded that the claims set forth by the plaintiff in her amended complaint did not arise out of the same conduct, transaction or occurrence as those which were described in the original state trial court petition. The original lawsuit involved Landry's claims for the books and records of the Kenner business venture, while the amended petition detailed new allegations and named new defendants (Stanford Latter and his professional liability insurer) as part of the action. Thus, the state trial court held that the amended petition did not relate back to the date of filing of the original state trial court petition. Under the doctrine of comity, a state trial court with concurrent jurisdiction is only bound by the decision of a federal court when it is rendering a decision on the same issues that the federal court has already decided.
Accordingly, we find that the state trial court rendered its decision on the basis of the Landry's amended petition, which included issues separate and apart from the issues presented in the initial petition filed in federal court. The doctrine of comity is inapplicable in this case. The federal court ruled that summary judgment was not proper on Landry's claims of prescription, citing as one of its reasons the filing of the amended petition in the state trial court proceedings. The federal court did not decide whether the amended state trial court petition was timely filed.
Therefore, a denial of summary judgment is a non-appealable interlocutory order and is not res judicata on the issues presented in the state trial court; the state trial court was not bound to the decision in the federal court. See La. R.S. 13:4231.
Landry argues that the state trial court erred in granting an exception of prescription as to the fiduciary duties of Stanford Latter because Stanford Latter had not made a plea of prescription and prescription was interrupted in both the state and federal cases. We disagree.
*454 Stanford Latter adopted the plea of prescription set forth by Cindy Latter, which sought in part to dismiss the fiduciary duty claims against Stanford Latter. Landry claims that the prescriptive period on the cause of action against Stanford Latter was ten years, however the record fails to reflect that Landry made this allegation in her petitions with the court.
Further, the state trial court considered the issue of prescription when the Latters filed their exception, and at that point, Landry should have raised the issue of the prescriptive period, but failed to do so. A plaintiff may not successfully argue an issue for the first time during an appeal. See Steed v. St. Paul's United Methodist Church, 31,521 (La.App. 2 Cir. 2/24/99), 728 So.2d 931, writ denied, 99-0877 (La.5/7/99) 740 So.2d 1290. Since Landry failed to raise the issue of the prescriptive period in her pleadings with the state trial court, she therefore cannot argue prescription for the first time on appeal.
Landry further argues that since the federal district court ruled that the state trial court pleadings interrupted prescription on the claims presented in the federal court, the state trial court should have ruled that the federal pleadings interrupted prescription on the claims presented to the state trial court. This is circular reasoning. Additionally, the state trial court concluded that Landry's amended petition had been timely filed in the state trial court, however the ex parte order that was presented to the Duty Judge of the state court was different than that in which the trial was actually pending. A party seeking to supplement a pleading must proceed via a contradictory motion served on the opposing party, and may not proceed ex parte. See Wallace v. Hanover Co. of New York, 164 So.2d 111, 119 (La.App. 1 Cir.), writ refused, 246 La. 598, 165 So.2d 486 (La.1964).. Since Landry proceeded ex parte, in direct contravention of Louisiana law, the state trial court should have disregarded her amended petition.

Conclusion
After a careful review of the record, we find that the state trial court was legally correct. The state trial court was not bound through the principle of comity to a prior decision of a federal court with concurrent jurisdiction because the two courts were faced with entirely separate issues.
In addition, Landry is barred from arguing that the state trial court had erred in granting an exception of prescription in favor of Stanford Latter. Further, we find Landry herself erred in failing to raise the issue of the ten-year prescriptive period in relation to her breach of fiduciary duty claims in the state trial court, and is therefore barred from arguing this issue for the first time on appeal.
Further, we find that the trial court did not error in granting the defendants' exception of prescription in relation to Landry's amended complaint. For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.