J^FITZSIMMONS, J.
Crescent Real Estate Equities/1100 Poy-dras (Crescent) appeals the grant of an exception of prematurity in favor of: Louisiana Tax Commission (tax commission); Malcolm. B. Price; Chairman of the Louisiana Tax Commission, Russell Gaspard and Kenneth P. Naquin, Jr., members of the Louisiana Tax Commission; and Patricia A. Johnson, Assessor for the First Municipal District of Orleans Parish. We reverse.
On June 9, 2000, Crescent instituted a suit in the Nineteenth Judicial District Court, in which it appealed a tax assessment rendered by the tax commission on May 30, 2000. The tax commission filed several exceptions. The district court granted its exception of prematurity. The exception of prematurity was premised on Crescent’s failure to allow the requisite time to elapse within which to file for a rehearing from the tax commission’s determination prior to taking an appeal.
The viability vel non of the exception of prematurity in the instant appeal hinges, in large part, on the interpretation to be attached to the phrase “final decision.” “Findings of fact and reasons for decision” were handed down by the tax commission on June 6, 2000. Scrutiny of the relevant pleadings demonstrates that Crescent’s “petition for judicial review under the provisions of La. R.S. 47:1998 and 47:2110” to the Nineteenth Judicial District Court was filed on June 9, 2000 — three days following the June 6, 2000 decision by the tax commission. The tax commission contends that the decision was not final when the appeal to the district court was filed. Crescent contrarily argues that, because no rehearing was requested, the tax com *396 mission’s decision was “final” as of the date of the decision.
Louisiana Revised Statutes, Title 47, “Revenue and Taxation”, subtitle III, “Provisions Relating to Ad Valorem Taxes”, Chapter 3, Part III, addresses the procedure and appellate process involving tax assessments. Revised Statute 47:1989 states, in part:
C. All such hearings (of appeals to the tax commission) shall be conducted in accordance with the rules and regulations established by the tax commission.
D. (1) All decisions by the tax commission are final unless appealed to the district court within thirty days, [underscoring added]
Pursuant to the enabling language in La. R.S. 47:1989 C, the tax commission promulgated a rule authorizing a rehearing “if such request is made before appeal ... [3has been filed or the Commission’s decision has become final.” Rules and Regulations of the Tax Commission, page AP-7, paragraph 17.
Thereafter, La. R.S. 47:1998 A(l)(a) provides, in pertinent part:
Any taxpayer or bona fide representative of an affected tax-recipient body in the state dissatisfied with the final determination [1] of the Louisiana Tax Commission under the provisions of R.S. 47:1989 shall have the right to institute suit within thirty days of the entry of any final decision of the Louisiana Tax Commission in the district court for the parish where the Louisiana Tax Commission is domiciled or the district court of the parish where the property is located contesting the correctness of assessment. [underscoring added]
In correspondence dated June 6, 2000, the tax commission sent out a form letter that notified the parties of its decision. In that form letter, the tax commission stated: “You have the right to appeal this decision to the District Court within thirty (30) days. The postmarked certificate of mailing shall serve as the date whereby the taxpayer/assessor shall have the right to institute suit within the 30-day prescription period.” This instruction conforms with § 3103 of a regulation promulgated by the Department of Revenue and Taxation, which provides in pertinent part:
Q. The taxpayer/taxpayer agent and the assessor shall be notified in writing, either by facsimile transmission, certified mail or certificate of mailing, of the final decision by the Tax Commission. The ... postmarked certificate of mailing shall serve as the date whereby the taxpayer/assessor shall have the right to institute suit within the 30 day prescription period.
It is well settled that a timely request for a rehearing or a motion for new trial renders the taking of an appeal premature and subject to dismissal because the motion suspends the operation of the final judgment being appealed. See La. C.C.P. art. 2087 D. and La. C.C.P. art. 2123 C.; Merritt v. Dixon, 97-0781 (La.App. 4 Cir. 5/28/97), 695 So.2d 1095, 1096. In the case before us, however, it is'undisputed that no request for rehearing was filed with the tax commission.
Given the oblique, and arguably disparate, dictates advanced in La. R.S. 47:1989 and La. R.S. 47:1998, along with the tax commission’s rules and regulations, and being cognizant of a taxpayer’s constitutional right to judicial review of the assessor’s assessments pursuant to La. Const, art. VII § 18 E, this court has narrowly interpreted Lstatutory and administrative *397 restrictions. In Hibernia National Bank v. Louisiana Tax Commission, 94-0677 (La.App. 1 Cir. 3/3/95), 652 So.2d 662, 665, the broad regulatory language permitting rehearings was jurisprudentially construed to mean that an application for rehearing, filed as late as twenty-eight days after the mailing of the commission’s decision, was timely under the tax commission’s rule 17.[2]
The temporal designation to be given to the word “final” in the statutory and regulatory language relating to tax commission decisions/determinations is equally amorphous. Recognizing the taxpayer’s specific constitutional right to judicial review of tax assessments, any restrictions on the time frame afforded to the taxpayer for the exercise of judicial review should similarly be narrowly interpreted. See Giant Family, L.L.C. v. Louisiana Tax Commission, 1999-1752, 1999-1753 (La.App. 1 Cir. 12/22/00), 775 So.2d 1219, 1222, writ denied, 2001-0203 (La.3/30/2001), 788 So.2d 1191.
In March 2000, several months pri- or to the institution of the suit in the district court by Crescent, new regulatory procedures applicable to appeals were enacted by the commission. The following procedural rule was established: “The commission may, at its discretion, grant the request of a taxpayer or assessor for a rehearing; provided the rehearing request is made in accordance with the Administrative Procedure Act.”[3] Louisiana Register, Vol. 26, No. 03, March 20, 2000, § 3103R. Irrespective of this additional regulation, there exists no express statutory or regulatory provision associated with tax commission appeals that delays the commencement of the prescriptive period for filing an appeal absent a request for rehearing. Moreover, no statutory or regulatory provision deems a taxpayer’s appeal premature when pursued prior to the expiration of a time period for rehearings, notwithstanding the absence of an actual request for rehearing. Indeed, a request for rehearing of a tax commission | ^decision can be undertaken throughout the entirety of the thirty-day time frame allowed for the taking of an appeal. Hibernia National Bank, supra. Thus, to interpret the taking of an appeal prior to the time delays for a rehearing as being premature would result in an absurd result; a taxpayer would be totally deprived of the right to an appeal.
Finally, the tax commission, in essence, contends that its own written instruction in its letter of notification of its decision is invalid. The information via the transmittal letter is consistent both with basic due process notice requirements of La. Const, art. I, § 22, and with the APA, La. R.S. 49:964 B. The tax commission is estopped from contesting the validity of its own rules and instructions, made under apparent statutory authority, and promulgated to the public for their governance in commission matters. See Hiber *398 nia National Bank, 652 So.2d at 665; see also Central Louisiana Electric Company, Inc. v. Louisiana Public Service Commission, 377 So.2d 1188, 1195 (La.1979).
Accordingly, this court holds that for purposes of the commencement of the delays allowed for the taking of an appeal, in the absence of a request for a rehearing, a decision or determination of the tax commission is “final” as of the date of the tax commission’s entry of its decision. Pursuant to the rules and regulations promulgated by the tax commission, that date has been identified as “the postmarked certificate of mailing” of notification to the parties of its decision. Rules and Regulations of the Tax Commission, page AP-7, paragraph 17.
The district court’s grant of the exception of prematurity is hereby reversed. The matter is remanded to the Nineteenth Judicial District Court for consideration of the remaining motions and issues. Costs in the sum of $403.48 are assessed to the Louisiana Tax Commission.
REVERSED AND REMANDED.

. Pursuant to Acts 2000, 1st Ex.Sess., No. 74, § 1, "final determination” was substituted for the word "action” in La. R.S. 47:1998 A(1)(a).

. In Hibernia, the tax commission did not contend that the thirty-day period for appeal commenced at a time other than the date of the mailing of written notice of the tax commission’s decision.

. Pursuant to the Administrative Procedures Act, La. R.S. 49:964 B now provides in relevant part: "[proceedings for review may be instituted by filing a petition in the district court ... within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon.” Prior to the commission's regulatory amendment, in contrast to the prescribed delay procedures relating to appellate court rehearings or motions for new trial, the tax commission rules and regulations, as well as the pertinent statutes addressing the right of the taxpayer to appeal an adverse decision of the tax commission did not expressly include delay parameters for a rehearing request. Compare La.C.C.P. art. 1974; La.C.C.P. art. 2087 A; La.C.C.P. art. 2123 A; and La. C.C.P. art. 2166 A.