|, JAMES F. McKAY, III, Judge.
Patricia Johnson, the Assessor for the First Municipal District of Orleans Parish, appeals the grant of an exception of prescription brought by 757 St. Charles Avenue, L.L.C., a property owner. We affirm.
The Assessor valued property owned by 757 St. Charles Avenue, L.L.C. in Orleans Parish. The owner appealed the Assessor’s decision to the New Orleans City Council, sitting as the Board of Review. The City Council lowered the assessment at issue, and the Assessor appealed to the Louisiana Tax Commission. In a decision rendered on June 6, 2000, the tax commission affirmed the City Council’s decision. A copy of the decision was mailed to the Assessor by certified mail on June 7, 2000, along with a letter stating:
You have the right to appeal this decision to the District Court within thirty (30) days. The postmarked certificate of mailing shall serve as the date whereby the taxpayer/assessor shall have the right to institute suit within the 30-day prescription period.
The Assessor received the decision and letter on June 8, 2000. The Assessor, however, did not file a petition for judicial review in the Civil District Court for Orleans Parish until July 17, 2000. Neither party requested a rehearing. The owner responded with an exception of prescription. The trial court granted the | ¡¡exception and dismissed the Assessor’s petition by judgment of January 3, 2001. The Assessor appeals the January 3, 2001 judgment.
The Assessor argues in this appeal that her petition for judicial review was filed timely because, even though no rehearing application was filed, the thirty-day delay for applying to the tax commission for rehearing should be added to the thirty-day delay for applying for judicial review in the district court, to allow a total of *1052 sixty days during which a petition for judicial review may be filed. The owner responds that the petition was not timely because the law requires the petition to be filed within thirty days of June 6, 2000.
The facts are not in dispute in this appeal. At issue is whether the trial court correctly interpreted and applied applicable statutes to grant the exception of prescription in this case. Appellate courts review questions of law to determine whether the trial court was legally correct or incorrect in its decision; in doing so, we give no special weight to the findings of the trial court, but instead, we review the questions of law and make a judgment on the record. Landry v. Latter, 2000-0100 (La.App. 4 Cir. 12/29/00), 780 So.2d 450, writ denied 2001-0604 (La.4/27/01), 791 So.2d 634.
The relevant statutes in this case include La.R.S. 47:1998 A(l)(a), as amended and effective April 17, 2000, which provides:
Any taxpayer or bona fide representative of an affected tax-recipient body in the state dissatisfied with the final determination of the Louisiana Tax Commission under the provisions of R.S. 47:1989 shall have the right to institute suit within thirty days of the entry of any final decision of the Louisiana Tax Commission in the district court for the parish where the Louisiana Tax Commission is domiciled or the district court of the parish where the property is located contesting the correctness of assessment.
La.R.S. 47:1989(D) provides, “All decisions by the tax commission are final unless appealed to the district court within 30 days.”
LAt issue in this case is the meaning of “final” in these statutes, and more specifically, when does a tax commission decision become final? The Assessor wants us to rule that a tax commission decision does not become final until after the thirty-day request for rehearing period has passed. The Assessor has not, however, provided any legal support for her position nor do we find any of her arguments persuasive, much less compelling, in this regard. While acknowledging that the word “final” may be unclear as it is used in the statutes, we are not disposed to adopt an interpretation unsupported in the law.
Two recent First Circuit decisions discuss and rule upon the issue presented in this appeal. In EOP New Orleans, L.L.C. v. Louisiana Tax Commission, 2001-1452, p. 3 (La.App. 1 Cir. 9/28/01), 809 So.2d 387, 389, and Crescent Real Estate Equities/1100 Poydras v. Louisiana Tax Commission, 2001-1434 (La.App. 1 Cir. 9/28/01), 809 So.2d 394, the court reversed the trial courts’ grants of exceptions of prematurity brought in two different cases. The issue in these cases, like in the appeal before us, was the interpretation of the meaning of “final decision” in La.R.S. 47:1998 A(l)(a).
In the First Circuit cases, the Assessor and/or the tax commission contended that the decision of the tax commission was not final when the petitions for judicial review by the property owners were filed because the owners had failed to allow the delay period for requesting a rehearing to elapse before filings their petitions. In the case before us, the Assessor is asserting that the thirty-day prescriptive period set out in La.R.S. 47:1998 A(l)(a) does not commence until after the delay period for requesting a rehearing has elapsed. As in the instant case, no party requested a rehearing in either case.
In the case before us, the Assessor makes basically the same arguments she made in the First Circuit cases, only from a different perspective. We agree with |4the analysis and the ultimate rulings in the First Circuit cases. Therefore, for the same reasons that the court decided that *1053 the property owners in EOP and Crescent had not filed their petitions for review prematurely and did not have to wait to file their petitions until after the time period for rehearings had past, we find that the Assessor’s petition for judicial review in this case was not filed timely.
The Assessor argues that her petition should not be subject to an exception of prescription because appeals are favored and if a reasonable interpretation of a statute preserves an appeal, then that interpretation should be applied to save the appeal. The Assessor, however, has presented no compelling reason why we should overlook the law regarding prescriptive periods simply because we “favor” appeals. Nor has the Assessor demonstrated how her interpretation of “final” is reasonable when it is unsupported in any statute, regulation, or jurisprudence.
The Assessor relies upon Hibernia National Bank v. Louisiana Tax Commission, 94-0677 (La.App. 1 Cir. 3/3/95), 652 So.2d 662, to support her position that the Administrative Procedures Act (APA) and its rehearing provisions do not apply to tax commission decisions. As the court noted in the EOP case:
The specific rule at issue in Hibernia provided that a rehearing request was timely “if such request is made before appeal ... has been filed or the Commission’s decision has become final.” The court determined that under this rule, a tax commission decision was subject to rehearing for a longer period than simply the ten days provided by the APA, and that therefore, the APA was inapplicable to requests for rehearing before the tax commission.
The tax commission rule interpreted in Hibernia is no longer in effect. Contrary to that rule, current tax commission Rule 3103R provides that a party may apply for rehearing as long as the request is made in accordance with the APA. Therefore, it is clear that the APA now applies to applications for rehearing before the tax commission.
Pursuant to La. R.S. 47:1998 A(l)(a), the delay for applying for judicial review in this matter began to run on ... the date on which the notice of the final decision of the tax commission was mailed. EOP and the Assessor had thirty days from that date to file a petition for judicial review of the tax commission’s decision absent a timely filed request for rehearing which may have extended the time for |Bappeal. EOP’s petition for judicial review ... was filed after the appeal delays began to run, and was therefore not premature.
809 So.2d at 393-94, at p. 6.
We agree with this reasoning and with the conclusion that the APA provisions apply to applications for rehearing before the tax commission. These provisions include La.R.S. 49:964(B), which provides:
Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon.
Therefore, considering the statutes we have cited, a party has thirty days from the entry of a tax commission decision (either an original decision or on rehearing) within which to request judicial review. For purposes of the commencement of the delays allowed for the taking of an appeal, in the absence of a request for a rehearing, a decision or determination of the tax commission is “final” as of the date of the tax commission’s entry of its decision. Crescent, 809 So.2d at 396, p. 3. There is no jurisprudence, statute or regulation to support the Assessor’s argu *1054 ment that she should be able to cumulate the rehearing delay with the appeal delay in the absence of a request for rehearing. On the contrary, the recent First Circuit decisions expressly hold otherwise, providing sound reasoning with which we agree.
Accordingly, for these reasons, we affirm the judgment of the trial court granting the property owner’s exception of prescription and dismissing the Assessor’s petition for judicial review.
AFFIRMED.