| JAMES F. MCKAY III, Judge.
The defendant, Sewerage and Water Board of the City of New Orleans (S & WB), appeals the trial court’s judgment in favor of the plaintiffs, Kathryne Jeanette Spaht, David J. Spaht, and Dr. F. Neil Spaht, which found that the S & WB was responsible for damages to the plaintiffs’ property located at 871 Polk Street in the City of New Orleans. We affirm.
FACTS AND PROCEDURAL HISTORY
The home at 871 Polk Street was built in 1951 as a single story house. At some point a second story camel back addition was made to the home. The plaintiffs’ parents purchased the property in 1968. Ms. Spaht resided in the home with her parents until she went away to college in 1972. The plaintiffs’ mother died in 1987 and they inherited her one-half interest in the property. In 1992, the plaintiffs’ father became ill with cancer and Ms. Spaht returned to New Orleans to care for him. The plaintiffs’ father died in January of 1994; he willed his entire one-half interest in 871 Polk Street to Ms. Spaht provided that she give her brother a greater interest in a piece of rental property that they also co-owned. On ^December 14, 1994, Ms. Spaht’s brothers sold their interests in the property to her.[1]
In October of 1993, a water main located at Polk and Marshall Foch Streets broke.[2] As a result of this break and the associated erosion, the property at 871 Polk Street developed a number of depressions. On about December 14, 1993, Ms. Spaht began to notice cracks in different areas of the house. On January 18, 1994, Ms. Spaht retained Robert P. Anderson, P.E., an expert in soil mechanics, to inspect the property. Mr. Anderson concluded that the abnormally fast subsidence was due to underground erosion. It was his opinion that the erosion more than likely was caused by the continual maintenance work that had been necessary on waterlines in front of the residence.
Less than nine months later, Mr. Anderson inspected the property a second time. At that time, he found that the greatest differential from the high point to the low point is 7.48 inches in lieu of the 7.08 inches observed previously and the interior corner at the porch had changed from 3.35 inches to 4.52 inches. It was Mr. Anderson’s opinion that this change in differential was abnormal and excessive. He concluded that the ongoing movement was more than likely due to activity under the residence near the center and that breaks in either the water line or sewer line could be a factor associated with this type of movement.
| ¡¡A second break occurred around March 21, 1996 when the S & WB became aware that a water main at 871 Polk Street had broken and repair work was done. On May 17, 1996, dye tests were run and found dye settling in to the main sewer line through a depression in the sidewalk. Thereafter, repairs were made to the main sewer line.
On May 25, 1999, Mr. Anderson inspected the property a third time and *1244 found that the maximum differential from the high point in the left rear corner to the low point in the front is 7.80 inches. After Mr. Anderson inspected the property for a third time, Ms. Spaht retained Friedrich W.L. Gurtler, P.E., an expert in the areas of soil mechanics, civil engineering and foundation failure analysis, to inspect the property and review the documentary evidence. Based on his inspection and review, Mr. Gurtler concluded that the proximate cause of the movement in the property was a result of the significant water line leaks and the resulting washouts that occurred.
On December 9, 1994, the plaintiffs filed a petition for damages against the S & WB alleging negligence and strict liability under Louisiana Civil Code articles 667 and 2317. On December 27, 2001, Ms. Spaht filed a supplemental and amending petition substituting herself as the sole plaintiff. The case proceeded to trial on February 20, 2002. On April 1, 2002, the trial court rendered a judgment in favor of Ms. Spaht and against the S & WB, awarding Ms. Spaht $53,104.00 plus interest from the date of demand until paid and all costs of the proceedings. Both parties appeal this judgment.
1 .DISCUSSION
On appeal, the S & WB raises the following assignments of error: 1) the trial court erred in determining that the S & WB was liable for damage to the property of the plaintiff; and 2) the trial court erred in determining that Ms. Spaht could acquire the rights of her brothers to pursue claims which they acquired pursuant to 2315.1 from their father or sell their own rights as co-owners of the property. Ms. Spaht contends that the trial court erred in failing to award her general damages for the mental anguish, emotional distress, inconvenience, and humiliation she suffered as a result of the damage to her home caused by the board’s defective water and sewer lines.
It is well settled that an appellate court should not disturb a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong, and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the instant case, six witnesses, including five experts, testified at trial. The trial court evaluated this testimony and made certain judgments of credibility and inferences of fact. Based on the record before this Court, the trial court’s evaluations of credibility and inferences of fact appear reasonable. Therefore, its finding of fact on the issue of causation is not clearly wrong or manifestly erroneous.
I fiThe S & WB also contends that the trial court erred in determining that Ms. Spaht could acquire the rights of her brothers to pursue claims which they acquired pursuant to Louisiana Civil Code article 2315.1 from their father or sell their rights as co-owners of the property. However, the S & WB raises this issue for the first time on appeal. The general rule is that appellate courts will not consider issues raised for the first time on appeal. Landry v. Latter, 2000-0100 (La.App. 4 Cir. 12/27/00), 780 So.2d 450, 454. Accordingly, this issue is not properly before this Court and we will not consider it.
Ms. Spaht contends that the trial court erred in failing to award her general damages for the mental anguish, emotional distress, inconvenience, and humiliation she suffered as a result of the damage to her home caused by the S & WB’s defective water and sewer lines. Reviewing *1245 courts considering reversing a factfinder’s determination must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and must further demonstrate that the record establishes that the finding was clearly wrong. Coscino v. Louisiana State Boxing and Wrestling Com’n, 97-2733 (La. App. 4 Cir. 9/9/98), 718 So.2d 1016. In its reasons for judgment, the trial court found “that Ms. Spaht is not entitled to recover general damages.” Based on the record before this Court, we cannot find that this determination was not reasonable.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. This included "any and all rights, claims and causes of action which Vendor has or may have under Louisiana Civil Code Article 2315.1 in order to claim or receive compensation for property damage or other redress in connection with said property from The New Orleans Sewerage & Water Board, The City of New Orleans, or from any other person or entity causing damage to the same.”

. Strict liability under La. C.C. art. 2317 applies to causes of action which arose prior to November 23, 1995, the shared effective date of La. Const. Art. XII, § 10(C) (allowing the legislature to limit the liability of the State) and re-enacted La. R.S. 9:2800 ("Limitation of liability for public bodies”). Jacobs v. City of Bunkie, 1998-2510 (La.5/18/99), 737 So.2d 14, 21.